[Crim. No. 2132. Second Appellate District, Division One.—January 19, 1932.]

THE PEOPLE, Respondent, v. JAMES ANDERSON et al., Appellants.

S. S. Hahn, M. C. Spicer and Phil O. Clough for Appellants.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

YORK, J.—On April 29, 1931, the appellants, together with a companion named Annala, were arrested for drunk and disorderly conduct and were incarcerated in the Lincoln Heights jail in the city of Los Angeles, and placed in a cell which was at that time occupied by one prisoner, McDonald. During an altercation between the appellants and McDonald, the latter sustained injuries which resulted in his death a day or two later. Appellants were charged by information with the crime of murder and upon trial by jury they were found guilty of the crime of manslaughter. From the judgment entered pursuant thereto, and from the order denying their motion for a new trial, they prosecute this appeal.

Appellants contend (1) that the trial court erred in refusing to instruct the jury to bring in a verdict of "not guilty"; (2) that the court erred in refusing to permit witnesses for the prosecution to testify to certain conversations had with appellants shortly after the disturbance in the jail; (3) that the court erred in giving certain of the instructions given and in refusing to give certain instructions which were requested by appellants; (4) that the evidence is insufficient to sustain the verdict of the jury, and (5) that the verdict is against law for the reason that the evidence shows that the death of McDonald was caused by accident or misfortune and not by act or acts of the appellants.

The record before us shows that when the jail officers entered the cell where the altercation had taken place, Annala was asleep in his bunk; that both of appel-

lants had swollen hands which were covered with fresh blood, but that neither presented a disheveled appearance and neither of them was bleeding. McDonald, on the other hand, presented a pitiable appearance; he was bleeding profusely from his wounds, his clothes were completely torn from his body and he was in a highly confused and nervous state. Upon examination, it was found that he had sustained serious injuries: A fractured skull, a subdural hemorrhage and two broken ribs. Both appellants admitted striking the deceased and pushing him to the floor of the cell. With these facts in mind, we are convinced that the evidence is sufficient to sustain the verdict of the jury, and that McDonald's death was caused by the brutal beating inflicted upon him by the appellants. Hence, there was no error on the part of the trial court in refusing to instruct the jury to return a verdict of "not guilty".

In support of their second point, appellants maintain that the conversations which the police officers had with appellants shortly after they entered the cell at a time subsequent to the altercation, were admissible in evidence as part of the *res gestae*. The gist of these proffered conversations, the record shows, was that the deceased had made improper and immoral advances to appellants, and that in striking him and pushing him to the floor, they had acted in self-defense in order to repulse his advances. These conversations were inadmissible, constituting hearsay evidence, for the reason that they took place *after* the assault was committed, and were therefore merely narrations of a past event. By no stretch of the imagination could they be held to be spontaneous utterances made at the time of the assault so as to constitute a part of the transaction itself.

Appellants maintain that the court erred in refusing to give the following instruction to the jury: "and if you are not satisfied beyond a reasonable doubt which blow caused the death of deceased, or that said death was caused by a blow at all, then your verdict should be for defendants and against the People". No error was made by the court in refusing to give this instruction. The evidence shows that both appellants admitted striking de-

ceased during the disturbance which took place, but there is no reason why the jury should be made to assume the burden of finding which particular blow caused death. We believe that the following instruction which was given by the court covered the matter sufficiently: "If you believe from all the evidence and beyond a reasonable doubt, that on or about the 29th day of April, 1931, in the County of Los Angeles, the defendant Schuyler Crowe did commit an assault upon the person of one Joseph P. McDonald, a human being, or aided, assisted and abetted one James Anderson to commit an assault upon the person of the said Joseph P. McDonald by force and means which was likely to and did produce great bodily injury, and that injury was the proximate cause of the death of the said Joseph P. McDonald, and you further find, beyond a reasonable doubt, that such assault was not made in the necessary self-defense of the said Schuyler Crowe or James Anderson, or either of them, and that such assault was not made in a necessary effort on the part of the said Schuyler Crowe and James Anderson to prevent the commission of a felony, then you are to find the defendant, Schuyler Crowe, guilty of Murder as charged, and find it to be Murder of the Second Degree." A duplicate of this instruction was given, with the names of defendants reversed.

It must be assumed that the jury understood the instructions given, and that having brought in a verdict of guilty of manslaughter, they must, of necessity, have been satisfied beyond a reasonable doubt that the blow or blows administered to the deceased by one of the defendants, aided and abetted by the other, caused the death of said deceased.

No prejudice resulted to appellants or either of them by reason of the giving of any of the instructions which the court gave to the jury.

The judgment is affirmed.

Conrey, P. J., and Houser, J., concurred.