RALPH ROSENBERG v. THE EQUITABLE LIFE ASSURANCE SOCIETY
OF THE UNITED STATES.

(Filed 31 January, 1928.)

**Appeal and Error—Review—Questions of Fact Reviewable in Contempt Proceedings.**

When in an appeal the Supreme Court has decided that a defendant life insurance company deliver to the plaintiff a certain kind of its policies as of a certain date, and the former in its motion as for contempt of court, contends that the defendant had not complied with the court's opinion in delivering the kind of policy designated, the judgment of the lower court will be reviewed which ordered judgment upholding plaintiff's motion in direct conflict with all the evidence introduced upon the hearing.

APPEAL by defendant from judgment of *Shaw, J.,* at June Term, 1927, of BUNCOMBE. Reversed.

Motion in the above-entitled action that defendant show cause why it should not be required to issue and deliver to plaintiff a policy of life insurance in accordance with the provisions of the judgment hereinbefore rendered, or otherwise be attached for contempt. Defendant, answering the motion, alleged that it had tendered to plaintiff a policy of insurance in accordance with the provisions of said judgment, and prayed that the motion be dismissed.

The court was of the opinion that the policy tendered by defendant to plaintiff was not in compliance with the judgment. It thereupon ordered, adjudged and decreed that defendant issue and deliver to plaintiff a policy as directed in said judgment, and that upon its failure or refusal to do so, it should be adjudged in contempt and punished accordingly.

From said order and judgment defendant appealed to the Supreme Court.

*Merrick, Barnard & Heazel for plaintiff.*
*Bourne, Parker & Jones for defendant.*

CONNOR, J. The only question presented for decision by this appeal, as stated in the brief of counsel for appellant, is as follows: Does the policy of insurance tendered by defendant to plaintiff, with the permanent disability clause contained therein, fully comply with the provisions of the judgment hereinbefore rendered at September Term, 1926, of the Superior Court of Buncombe County, and affirmed on defendant's appeal to this Court at Fall Term, 1926? This judgment is set out in full in the opinion filed on 26 January, 1927. See 193 N. C., 126.

The only provision in said policy, with respect to which plaintiff contends that same does not comply with said judgment, is that with respect to the benefits to be granted by defendant to plaintiff, by virtue of the permanent disability clause. There is no contention that in other respects the said policy is not in full compliance with the provisions of said judgment.

In the judgment, with respect to the permanent disability clause, it is ordered, adjudged and decreed that defendant issue and deliver to plaintiff a policy of life insurance, to be dated 15 November, 1925, containing a permanent disability clause "in accordance with the terms of such clauses as are usually and ordinarily inserted in policies of like character issued by defendant." It is further ordered that "said policy shall provide for the payment of premiums, semiannually, as of 15 November and 15 May of each year, at the established premium rate fixed by said defendant in its regular schedule of premium rates on ordinary life plan policies containing such clauses for persons of the age of thirty-seven."

The permanent disability clause contained in the policy tendered by defendant to plaintiff is as follows:

"Disability benefits before age 60 shall be effective upon receipt of due proof, before default in the payment of premium, that the insured became totally and permanently disabled by bodily injury or disease after this policy became effective and before its anniversary upon which insured's age at nearest birthday is 60 years, in which event the Society will grant the following benefits:

"(a) Waive payment of all premiums payable upon this policy falling due after the receipt of such proof and during the continuance of such total and permanent disability; and

"(b) Pay to the insured a monthly disability-annuity as stated on the face hereof; the first payment to be payable upon the receipt of due proof of such disability, and subsequent payments monthly thereafter during the continuance of such total and permanent disability."

By virtue of the judgment hereinbefore rendered, plaintiff is entitled to, and defendant is ordered to issue and deliver, in exchange for the term policies dated 15 August, 1919, a policy of insurance on plaintiff's life, to be dated 15 November, 1925, containing a permanent disability clause "in accordance with the terms of such clauses as are usually and ordinarily inserted in policies of like character issued by defendant." Two affidavits, signed by officers of defendant, were filed upon the hearing, as evidence, both to the effect that the permanent disability clause contained in the policy tendered to plaintiff by defendant is "exactly in the form ordinarily and usually issued by defendant on 15 November,

1925, and for some years prior thereto and ever since said date." There was no evidence to the contrary.

By virtue of the judgment aforesaid, plaintiff is required to pay to defendant premiums on the policy to be issued and delivered to him, from and after 15 November, 1925, for the protection afforded him by said policy and all its terms and provisions. He was not required to pay, nor does he offer to pay for such protection prior to the date of the policy, and subsequent to the date of the term policies. There is no provision in the judgment which requires defendant to afford protection to plaintiff for which he has not paid. Whether the policy to be dated 15 November, 1925, is a new and independent contract, or whether it is a continuance of the contract evidenced by the term policies, with respect to the protection afforded by said term policies, is not determinative of the question presented for decision by this appeal. Plaintiff had no protection for permanent disability under the term policies; he is entitled to such protection by defendant only under the policy to be dated 15 November, 1925. For this protection he is required by the judgment to pay in accordance with the premium rate of defendant fixed by its schedule for the age of 37.

There was error in holding that the policy tendered to plaintiff by defendant was not in accordance and does not comply with the judgment hereinbefore rendered. The order and judgment in accordance with this holding is

Reversed.