# Richmond

## PHILADELPHIA LIFE INSURANCE COMPANY
## v. WALTER C. ERWIN.

November 14, 1935.

Present, Campbell, C. J., and Hudgins, Gregory, Browning, Chinn, and Eggleston, JJ.

The opinion states the case.

*Henry C. Strickland* and *Irby Turnbull,* for the plaintiff in error.

*Robert Thomas, Gordon B. Ambler* and *John Y. Hutcheson,* for the defendant in error.

CHINN, J., delivered the opinion of the court.

This action was brought by Walter C. Erwin to recover $50 per month disability benefits under an insurance contract with the Philadelphia Life Insurance Company. There was a verdict and judgment in favor of the plaintiff below for the sum of $600, being $50 per month for the period of twelve (12) months from April 20, 1932, until the institution of this action on April 25, 1933.

The notice of motion alleges that judgment would be asked for $50 a month from January 23, 1932, "under and by virtue of that certain contract of insurance in writing made by you on my life, wherein you insured me in the sum of $50 a month against total disability occurring while said contract of insurance was in force, and wherein you further insured me in the sum of $5,000 against death occurring while said contract of insurance was in force, which said policy or contract of insurance is numbered 92,703, and was issued by you to me on my application dated December 2, 1931, and upon my surrender of that certain five year term policy which I had carried with your said company from January 20, 1927, the grounds of my said claim being that while my said policy of insurance was in force, on January 23, 1932, I was totally disabled by reason of pulmonary tuberculosis and nervous and mental trouble, and thereby prevented from

engaging in any occupation or employment and from performing any work for compensation or profit, and had been so disabled for the period of three months next *proceeding* said date of January 23, 1932, and have continued to be totally disabled since that date, and that I have performed all the conditions required of me under said policy and have violated none of its prohibitions, * * *."

Filed with the notice of motion is a policy of insurance for $5,000 on the life of Walter C. Erwin, dated January 20, 1932. Attached to the policy is an "Additional Provision," whereby the company promised to pay the insured $50 a month for total disability, beginning with the fourth month from the commencement of said disability, upon proof "that the insured has, while both said policy and this additional provision are in full force * * *, become totally disabled as a result of bodily injury or disease occurring after the issuance of this additional provision and after the initial premium payment hereunder, * * *."

There is also attached to the policy the following paper signed by the insured and his wife, who were therein named beneficiaries:

"PHILADELPHIA LIFE INSURANCE COMPANY
"Home Office, 111 North Broad St.,
Philadelphia

"Release of Old Policy For New Policy

"In the matter of Policy No. 92,703 in the Philadelphia Life Insurance Company for FIVE THOUSAND Dollars, issued January 20th, 1927, on the life of WALTER C. ERWIN on the Five Year Term, non participating, non renewable plan with disability and double indemnity benefits.

"We hereby surrender, release and discharge the Company from any and all liability, claims and demands whatsoever, of, in and to the above policy in consideration of receiving from the Company a new policy on the same life for FIVE THOUSAND Dollars dated January 20,

1932, on the Ordinary Life Preferred Risk. Participating plan with disability and double indemnity benefits and at the premium of $141.00, payable semi-annually.

"It is expressly understood and agreed that, in this exchange of policies, the new policy described above is issued on the basis of the application for the original policy, which application shall be taken and considered as the application for said new policy and a part of the new contract of insurance."

Plaintiff alleged in his bill of particulars, and proved, that he had been totally disabled from October 1, 1931. This is conceded by the insurance company, but it is contended that the action is based entirely on the policy and disability provision dated January 20, 1932, issued after the disability occurred, and, therefore, under the terms of that provision, plaintiff cannot recover.

The plaintiff contends on the other hand that the disability for which he seeks to recover occurred after the issuance of the term policy of January 20, 1927, referred to in the notice of motion, which said policy was in force at the time he became totally disabled on October 1, 1931, and continued in force until it was surrendered to the company in exchange for the new policy and disability provision dated January 20, 1932, which last named policy is but a continuation of the five year term policy which expired on that date.

Upon a careful consideration of the pleadings and the record, we do not think the defendant's contention that the action is based entirely upon the policy of January 20, 1932, should be sustained. The notice of motion alleges that the defendant is indebted to the plaintiff for total disability occurring under his policy or contract of insurance No. 92,703 "issued by you to me on my application dated December 2, 1931, and upon my surrender of *that certain five year term policy which I had carried with your said company from January 20, 1927, the grounds of my said claim being that while my said policy of insurance was in force on January 23, 1932, I was totally dis-*

*abled * * * and had been so disabled for the period of three months next preceding said date of January 23, 1932."*

It necessarily follows from the above allegation, (1), that the five year term policy of January 20, 1927, therein mentioned, did not expire until January 20, 1932; and (2), since plaintiff had been totally disabled for at least "three months next preceding January 23, 1932," said disability must have occurred while said term policy was in force. We, therefore, think that while the pleadings might have been more specific in that respect, the allegations of the notice sufficiently show that the disability for which plaintiff seeks to recover occurred while the 1927 policy was in force and not after the new policy was issued, as defendant contends.

It is argued that even if the notice of motion is sufficient to show that the plaintiff was claiming disability benefits under the policy dated January 20, 1927, it cannot be said what those benefits are because the policy was not produced in evidence.

In the so-called release attached to the policy of January 20, 1932, it is stated that policy No. 92,703 in the Philadelphia Life Insurance Company for $5,000 was issued to the plaintiff on January 20, 1927, on the Five Year Term, non participating, non renewable plan, with disability and double indemnity benefits, which said policy was surrendered to the company in consideration of a new policy for the same amount dated January 20, 1932, "on the Ordinary Life Preferred Risk, Participating Plan, with disability and double indemnity benefits, at the premium of $141.00, payable semi-annually." Said release also expressly states, "that the new policy described above is issued on the basis of the application of the original policy, which application shall be taken and considered as the application for said new policy and a part of the new contract of insurance."

The application for the original policy of January 20, 1927, is attached to the new policy of January 20, 1932, and

made a part thereof. It is also shown by the parol evidence and not controverted that the application for disability benefits under the policy of 1927 was made by the plaintiff in December, 1931, to T. E. Warriner, agent of the insurance company who had negotiated the original policy, and a request that the term policy should be converted at its expiration on January 20, 1932, was made at the same time; but Mr. Warriner advised the plaintiff to wait until the new policy was issued on January 20, before putting in his claim for disability benefits. It may here be said that counsel for the company claims that Mr. Warriner was not acting as agent of the company at that time, but there is no evidence to that effect, and it was testified that he continued to look after the business he had written when he was agent. Accordingly he had received the term policy from the plaintiff for exchange and the company sent him the new policy to be delivered to the insured.

The record, therefore, shows that the term policy of 1927 contained a disability provision, and was surrendered to the company at the expiration of the said five years on January 20, 1932, in exchange for the Ordinary Life policy of that date containing a disability provision, based upon the same application, the same medical examination, and bearing the same number. That this exchange was made in accordance with the original contract, and that the disability provision in the old policy was similar to that in the new, may we think be plainly inferred from the pleadings and the facts and circumstances shown by the record. In fact, the defendant does not undertake to deny or in any way controvert the truth of these inferences. Nor has the defendant company any right to complain because the original policy, itself, was not produced. It had taken the policy from the plaintiff and issued a new one to him under the circumstances above detailed and it is quite evident that in surrendering the policy, the plaintiff acted in good faith and in accordance with its terms. If, therefore, the contention of the

plaintiff as to the terms of the policy is not correct, it lay within the power of the company to produce the policy to show the contrary. From the fact that it did not do so, it may fairly be presumed that the production of the policy would have been in plaintiff's favor.

Under the foregoing circumstances we think the evidence amply sufficient to sustain the contention of the plaintiff that the policy of the insured sued on was but a continuation of the original policy and not a new and separate contract. That an insurance contract issued in fulfillment of a term contract of insurance does not constitute a new contract, but is simply a continuation of the old or original contract seems well settled.

As said in the case of *Aetna Life Insurance Company* v. *Dunken,* 266 U. S. 389, 45 S. Ct. 129, 132, 69 L. Ed. 342:

"The second policy here * * * was issued not as a result of any new negotiation or agreement, but in discharge of pre-existing obligations. It merely fulfilled promises then outstanding; and did not arise from new or additional promises. The result in legal contemplation was not a novation, but the consummation of an alternative specifically accorded by, and enforceable in virtue of, the original contract." See also, *Tayloe* v. *Merchants' Fire Ins. Co.,* 9 How. 390, 405, 13 L. Ed. 187; *Carter* v. *Standard Accident Ins. Co.,* 65 Utah 465, 238 P. 259, 41 A. L. R. 1495.

In the case of *Silliman* v. *International Life Insurance Co.,* 131 Tenn. 303, 174 S. W. 1131, 1132, L. R. A. 1915F, 707, the insured took out a life insurance policy for five years which provided that he might at any premium date exchange it for any form of policy then in use at the premium fixed by his age at the time the exchange was made or at the age of the original policy by paying the difference in premiums for the past years with interest. The policy also provided that in case of suicide within one year from its date the company would be liable only for the return of the amount of the premiums already paid. After carrying the policy for four years the insured surrendered the same to the company in exchange for a con-

verted policy. The new policy provided that in case of "suicide within one year from the date on which this insurance begins" the limit of recovery shall be the return of the premiums already paid. The insured committed suicide within less time than a year after the exchange of policies was made, and the company denied liability except to the extent of the premiums paid under the new policy. In that case the court held that the two policies were, in effect, one and the same contract, and that the insurance came within the meaning of the suicide clause of the second at the time of the issuance of the original policy. The court stated:

"It seems to us quite clear that under the facts stated the new policy was but a continuation of the same insurance contract. It was based on the old application and the old medical examination, and the new terms were in strict accord with the provisions of the first policy, granting to the insured the right to make just such a selection to take the place of the original form."

See also, *McDonnell* v. *Alabama Gold Life Insurance Company*, 85 Ala. 401, 5 So. 120, 125, in which case the court said:

"The onus is on the defendants to show that the taking of the new policy was in discharge of the contract evidenced by the first policy, or that it was a novation; the whole question being one of intention to be established by facts."

In the case of *Rosenberg* v. *Equitable Life Assurance Society of United States*, 193 N. C. 126, 136 S. E. 364, the insured had been carrying three $5,000 Term Policies with disability and double indemnity provisions, and with the right reserved to him to exchange these policies for Converted Life Insurance without any further medical examination. On his application to change the three Term Policies for a Converted Life Policy carrying disability and double indemnity provisions, the company offered to provide the insured with the stated amount of Converted Life Insurance, but declined to issue him a policy carry-

ing disability insurance without undergoing further physical examination. The insured brought suit to compel specific performance on the part of the company, namely, to compel the company to issue him $15,000 of Converted Life insurance with disability and double indemnity provisions without requiring him to stand any further physical examination, and on the trial of this case the court found in favor of the insured and required the company to issue the insurance requested.

In *Wamboldt* v. *Reserve Loan Life Insurance Company*, 191 N. C. 32, 131 S. E. 395, 45 A. L. R. 1360, there was a rider attached in 1921 to a policy which had been issued in 1915. The insured became partly blind a few months before the rider was attached to the policy, and the question was of what date the attached rider became effective —when it was attached in 1921, or the date of the policy in 1915. The court in that case held that the rider was subject to and dated from the date of the original policy with reference to the incontestability law, and required the payment of the claim for blindness occurring just a few months before the rider was attached to the policy.

It may be finally said that the insured paid the premiums for the disability benefits under the old policy from January 20, 1927, to January 20, 1932; that this policy was in force at the time he became totally disabled, and before the term policy was exchanged for the new policy.

It is, therefore, clear that plaintiff was entitled to the disability benefits accruing to him by virtue of his policy, beginning three months after October 1, at the time he requested Mr. Warriner in December, 1931, to assist him in making application for the benefits, and in exchanging the term policy for the new one to which he was also entitled. That plaintiff is so entitled is not denied or in any way controverted by the defendant, nor is it claimed that the defendant is released from its obligations by the rider; neither does it seem to us that such a claim could be made in good faith under the circumstances.

As already said, the only defense offered is based upon the technical ground that the plaintiff declared on the 1932 policy alone, and cannot recover under that contract because he became totally disabled before same was issued. For the reasons stated, we do not think this defense should be sustained, and the judgment of the court below is, therefore, affirmed.

*Affirmed.*

HUDGINS and BROWNING, JJ., dissenting.

HUDGINS, J., dissenting:

The majority opinion enunciates a doctrine so contrary to my conception of fundamental principles of law that I am compelled to dissent.

The notice of motion alleges that a certain sum of money is due the plaintiff by virtue of a certain contract of insurance, bearing date January 20, 1932, and concludes as follows: "* * * and that you have failed to pay me the aforesaid amounts as herein claimed, which said amounts are payable to me under my contract of insurance as aforesaid, the original of which said policy I shall cause to be filed with the original of this said notice of motion for judgment in the clerk's office of the Circuit Court of Mecklenburg county, Virginia, and shall at the time and place above stated move said court for a judgment against you in my favor as aforesaid."

There was filed in the clerk's office with the notice of motion a contract of insurance bearing the date stated. In that part of the notice of motion quoted in the majority opinion, a five year term policy bearing date January 20, 1927, was only incidentally mentioned, and then only as a part of the consideration for the issuing of the new insurance contract.

To this notice of motion the defendant filed a plea of the general issue. One of the grounds of defense is stated thus: "(1) That the plaintiff is not entitled to the disability benefits provided for in the policy sued on (a) because he was not totally disabled, within the meaning of the

policy, during the time for which claim is made, and (b) because the alleged disability did not result from bodily injury or disease which occurred after the issuance of the disability provision relied upon and after the payment of the initial premium under said policy."

The proof showed that plaintiff's disability had continued since on or about October 1, 1931, more than three months prior to the issuing of the contract upon which this action was founded. When this appeared plaintiff undertook to prove that another policy had been issued by the defendant to him bearing date January 20, 1927. To the introduction of this policy the defendant objected. This objection was sustained. Plaintiff's attorney then stated to the court that the contract of January 20, 1932, was but a continuation of the contract of insurance bearing date January 20, 1927.

Thereupon the following colloquy took place between the court and counsel:

"Objection sustained. You only sued on the 1932 policy. You are limited to the 1932 policy. You cannot use the other except to show that the last policy was issued for a valid consideration, namely, the surrender of the previous policy."

\* \* \* \* \* \* \* \* \* \*

"The Court: My ruling is that you cannot go back of the date of this policy to show disability.

"Mr. Turnbull (attorney for defendant): Your Honor holds that they are bound by the policy of 1932, the policy that they are suing on?

"The Court: Yes, my ruling will show that the court's ruling is that under the pleadings in this case, you are limited to the policy upon which you sued, which was issued in January, 1932, and that these gentlemen have been offered and are now offered the opportunity to amend their pleadings if they want to make a case in accordance with their statement in court."

At this point in the trial a recess was taken, to give the plaintiff time in which to draw an amendment to the pleadings grounding its action on the policy bearing date

January 20, 1927. As soon as the court accepted and allowed the amendment, the defendant moved for a continuance. This was granted. Plaintiff then withdrew the amendment rather than suffer a continuance and the trial proceeded on the contract of insurance bearing date January 20, 1932. It was understood between the court and counsel that the provisions of the contract bearing date of January 20, 1927, had been entirely eliminated from the case. That this was thoroughly understood by the plaintiff is borne out by the following statements by his attorney copied in the records: "We stated, by withdrawing the amendment, as I understood, we were understood as having no rights under the 1927 policy. We want the record to show that we haven't our rights under the 1927 policy."

Defendants relied upon the ruling of the court that the plaintiff was basing his action entirely on the provisions of the new insurance policy, so when the proof clearly showed that the disability was not covered by the contract bearing date January 20, 1932, the defendant offered no evidence on the merits of the case and moved that all evidence be excluded. For some unknown reason the trial court reversed its rulings, overruled defendant's motion and gave judgment against it.

Among other provisions in the contract, upon which the action is based, there is the following: "This policy and the application herefor, a copy of which is attached to this policy when issued, constituted the entire contract of insurance. The contract is not in force unless this policy is delivered and the first premium is actually paid during the good health of the insured. When so delivered and the first premium is paid, this policy shall be deemed effective for all purposes from its date."

It is clearly shown by the evidence that the plaintiff was not in good health on the date the contract was delivered and that his disability had occurred several months previous to the date of the contract.

The provision of the contract regarding disability is, in part, as follows: "If due proof shall be presented at the

Home Office of the Company that the insured has, while both said Policy and this Additional Provision are in full force * * * become totally disabled as a result of bodily injury or disease occurring *after the issuance of this Additional Provision and after the initial premium payment hereunder"* then the company will pay $50 per month during the continuance of such total disability. Clearly the disability proven was not covered by this clause in the contract of insurance upon which this action is based.

Whether or not plaintiff was entitled to recover under the terms and conditions of the 1927 policy is a matter of speculation. This policy was expressly excluded from consideration by the ruling of the court and by the failure of the plaintiff to take advantage of his opportunity to amend—yet the plaintiff was allowed by the trial court and now by this court to recover on a contract, the provisions of which were and are unknown to the court. The result is that the defendant has suffered an adverse adjudication upon a contract not before the court and actually unknown to it. I fully concur with the statement of defendant's counsel in their brief, wherein this is said: "A more astonishing situation, a more patent disregard of legal principles, and the rules of practice and procedure, has never before come under the observation of counsel or been called to their attention."

The majority opinion states that the defendant company knew the terms and conditions of this policy, which had been cancelled when the plaintiff surrendered it. That may be true, but the plaintiff did not request the defendant to surrender or give them a copy of this contract until the day of the trial. Counsel stated, when called upon to produce it, that doubtless the company had it, but if so it was in the home office of the company and not in possession of counsel. There is not a scintilla of evidence even suggesting that the defendant concealed anything from plaintiff or from the court. Plaintiff could have obtained the cancelled policy by taking the proper steps.

The majority opinion holds that the application for the

original policy of January 20, 1927, was a part of the contract of insurance bearing date January 20, 1932. Suppose it does, what light does this application shed upon the liability of the defendant company? At the risk of being tedious I am copying this application.

"I, Walter Clyde Erwin, hereby make application to the PHILADELPHIA LIFE INSURANCE COMPANY for $5,000.00 insurance on the 5 yr. term W. P. & A. D. I. G. plan; Annual Premium, $59.30, payable annually. I was born on the 24 day of April, 1899. Age nearest birthday 30 years. Residence R. F. D. No. 1 Jeffress, Va. Place of business, Jeffress. Premium notices to be sent to Insured. My occupation is Poultryman & farmer. Beneficiary Mrs. Sue Moore Erwin, wife, Jeffress, Va., R. F. D. 1. Dividends to be paid to insured at the end of ...... years.

I have this 23 day of Dec. given to C. R. Wagstaff, agent, the sum of $ Note 59.30, to be used in payment of the first annual premium on policy when issued by the Company in accordance with this application, and I hereby agree to be examined forthwith by an authorized medical examiner of the Company, and to accept the policy when issued. I hereby agree that all representations and agreements made by or with the company or the agent taking this application are reduced to writing herein and made a part of this application and the policy issued hereunder. Dated at Jeffress, Va., R. F. D. 1, this 23 day of Dec., 1926."

"W. C. ERWIN."

Witness C. R. Wagstaff & Warriner, Agent.

If this application sheds any light upon the liability of the defendant in this action, I am unable to perceive it. It is nowhere alleged or proved that the provisions set forth in the second policy were the same as those contained in the original policy; hence it seems to me that this court is giving judgment upon a contract which is not before it, the terms and conditions of which are entirely unknown to it.

For the reasons stated, I think the judgment of the trial court should be reversed.