RALPH ROSENBERG v. THE EQUITABLE LIFE ASSURANCE SOCIETY
OF THE UNITED STATES.

(Filed 26 January, 1927.)

**Insurance, Life—Convertible Term Policies—Options—Premiums—Medical Examination.**

Where an insurance company has issued a convertible term life insurance policy with privilege of exchange within a specified time, for a certain class of policy (of which it issued two kinds) continuously, and one gives a greater value to the insured than the other upon an increase of premium, without requiring another medical examination, an option as to the kind of these policies is given the insured, and he may elect to take the one of the greater value upon paying the additional premium, without a medical examination.

APPEAL by defendant from *T. J. Johnson, Emergency Judge,* at September Term, 1926, of BUNCOMBE. No error.

Action to enforce specific performance of options contained in certain ten-year term policies of insurance issued by defendant to plaintiff, by which plaintiff has the privilege of exchanging said term policies for other policies to be issued by defendant upon the Ordinary Life, Limited-Payment Life, or Endowment Plan. Plaintiff has complied with all the requirements for the exercise of said options, and has requested defendant to issue to him policies on the Ordinary Life Plan in exchange for his Term Policies.

Plaintiff contends that he is entitled to have included in said policies, or attached thereto, certain clauses; defendant admits that plaintiff is

entitled to policies on the Ordinary Life Plan, but denies that it is required by the terms of the contract to include said clauses therein or to attach same thereto.

Issues submitted to the jury were answered in accordance with the contentions of plaintiff. From judgment upon the verdict, defendant appealed to the Supreme Court.

*Merrick, Barnard & Heazel for plaintiff.*
*Bourne, Parker & Jones for defendant.*

CONNOR, J. On 22 August, 1919, defendant issued and delivered to plaintiff three policies of insurance, known as Ten-Year Term policies. Each policy was for the sum of $5,000; they were all in the same words and figures. Each contained a provision as follows:

### "Privilege of Exchange for Other Form of Policy.

The insured (or assignee, if any) may at any time within seven years from the register date hereof, without medical reëxamination, exchange this policy for a policy for the same amount or any less amount, upon the Ordinary Life, Limited Payment Life, or Endowment plan upon any anniversary of this policy, or within the thirty-one days of grace, by surrendering this policy to the society at said home office, with written notice of the election and by paying the premiums to be fixed by the age on the birthday nearest to the date of such exchange according to the rates of the society then in force. On such exchange the society will apply 80 per cent of the net value of such part of this policy as is continued under another form as above, computed in accordance with the American Experience Table of Mortality, with 3 per cent interest per annum, together with all dividends and accumulations, toward the payment of premiums upon the new policy."

At the time plaintiff applied for said term policies defendant was issuing and selling, and it is now issuing and selling a policy of insurance, known as an "Ordinary Life Policy," to which are attached Disability and Double-Indemnity clauses, as alleged in the complaint.

Plaintiff has in all respects complied with the terms, stipulations, provisions and conditions of each of the three policies issued to him by defendant on 22 August, 1919, and said policies were in all respects, on 10 November, 1925, in full force and effect.

On or about 10 November, 1925, before the expiration of seven years from the register date of said policies, and after fully complying with all requirements in said policies therefor, plaintiff requested defendant to issue to him, in exchange for said Term Policies, a single policy for

the sum of $15,000, as of 15 November, 1925, that being the nearest premium date on said policies, on the Ordinary Life Plan, with a Disability clause and a Double-Indemnity clause, included therein or attached thereto. Defendant offered to issue to plaintiff, in exchange for said Term Policies, each for $5,000, a single policy for $15,000, on the Ordinary Life Plan, but without the clauses known as the "Disability Clause," and as "The Double-Indemnity Clause." Plaintiff declined to accept said policy, contending that he is entitled under the contract to a policy on the Ordinary Life Plan, with said clauses included therein or attached thereto. This contention of plaintiff is denied by defendant. The validity of this contention is the only matter in controversy to be determined by this action.

At the time plaintiff applied for the Term policies, in 1919, and at the time he requested defendant to issue to him, in exchange for said policies, a policy on the Ordinary Life Plan, in 1925, defendant was issuing and selling a policy of insurance, known as an "Ordinary Life Policy," containing Disability and Double-Indemnity clauses. It was also issuing and selling "Ordinary Life Policies," which did not contain these clauses. Policies containing these clauses were issued only to applicants therefor, who had passed required medical or physical examinations. An increased premium was charged by defendant for an Ordinary Life Policy containing the clauses. Plaintiff has offered to pay such increased premium, but was unable to pass the medical or physical examination required at the time he requested the exchange of policies.

It is expressly provided in the options under which plaintiff has the privilege of exchanging his Term Policies for policies upon another plan, that such privilege may be exercised "without medical reëxamination." Plaintiff having complied with all the terms and provisions of the options, and made his election pursuant thereto, is entitled to an "Ordinary Life Policy," such as defendant was issuing and selling both at the time the application was made for the Term Policies, and at the time the application was made for the exchange. His right to any form of such policy cannot be affected by his failure to submit to and pass a medical or physical examination. Such examination was expressly waived by defendant when it issued the Term Policies with the provision for an exchange of said policies for policies upon other plans, at the request of plaintiff.

Plaintiff is entitled not only to a policy upon the Ordinary Life Plan in exchange for his term policies; he is further entitled, at his election, and upon the payment of the premium charged therefor, to any form of such policy which defendant was issuing and selling both at the date of his application for the Term Policies, and at the date of his request for the exchange. Defendant admits in its answer to the complaint

that at both dates it was issuing and selling an Ordinary Life Policy, containing both a Disability Clause and a Double-Indemnity Clause.

It cannot be held as law that an insurance company which has contracted to issue and deliver a policy described in the contract by a general name, and which at the date of the contract issues such policy in two forms, one affording larger protection than the other, can perform its contract, or be discharged of liability thereon, by issuing a policy affording the less protection, when the person to be insured requests a policy affording the larger protection and offers to pay the premium charged therefor, the only consideration moving the company to issue one form of policy rather than the other being a difference in the premium. In such case, the person to be insured, and not the company, has the right of election.

The judgment from which defendant appealed may well have been rendered on the admissions in the pleadings. It is not necessary, therefore, to consider defendant's exceptions to the admission of evidence, over its objections, or to the instructions to the jury. Assignments of error, however, based upon these exceptions cannot be sustained. Evidence that defendant had issued Ordinary Life Policies, such as it had agreed to issue and deliver to plaintiff, in exchange for his Term Policies, with the Disability Clause and the Double-Indemnity Clause contained therein, was competent for the purpose of showing the form of policy to which plaintiff was entitled under the contract to have issued to him by defendant in exchange for his Term Policy. The term "Ordinary Life Policy," used in the written contract is ambiguous. We do not think that the court misconceived the nature and scope of the admission in defendant's answer, "that at said time this defendant did issue the said several kinds of life insurance policies above mentioned, and did attach to some of them, in certain special cases, when properly applied for, and in consideration of increased charges or premiums paid therefor, and upon other special considerations, a clause or clauses known as Disability and Double Indemnity clauses of the kind described" in the complaint. Defendant's agent testified, "there is only one ordinary life policy that we issue. In the ordinary life, when a man applies for it, he makes application and is entitled, if he can pass the physical examination, to have added to the ordinary life policy sick benefit and double-indemnity features, that is, he applies for it at the time of making application. We call that an ordinary life policy with a double indemnity, ordinary life plan. The policy with these additional features added belongs to the same plan as an ordinary life policy."

The judgment rendered is as follows:

"It is, therefore, ordered, adjudged and decreed, that the defendant, The Equitable Life Assurance Society of the United States, forthwith

issue and deliver to the said Ralph Rosenberg in exchange for policies numbered 2488879, 2488880 and 2488881, heretofore issued by said defendant to said plaintiff, and now held by said plaintiff and deposited with the clerk of this court, a policy of life insurance to be dated as of 15 November, 1925, for the face amount of fifteen thousand dollars ($15,000), on the ordinary life plan, containing a permanent disability clause and a clause providing for the payment of double indemnity in accordance with the terms of such clauses as are usually and ordinarily inserted in policies of like character issued by defendant; said policy to provide for the payment of premiums semiannually, as of 15 November and 15 May of each year at the established premium rate fixed by the said defendant in its regular schedule of premium rates on ordinary life plan policies containing such clauses for persons of the age of thirty-seven years.

And it is further ordered, adjudged and decreed, that the plaintiff pay to the defendant upon delivery to him of said policy of life insurance (and delivery is conditioned upon such payment) the premium to be fixed by the age on the birthday nearest to the date of such exchange according to the rates of the defendant then in force; and the defendant shall apply eighty per cent (80%) of the net value of the three five thousand-dollar policies above mentioned, to wit, policies numbered 2488879, 2488880, 2488881, computed in accordance with the American Experience Table of Mortality with three per cent (3%) interest per annum computed to 15 November, 1925, together with the sums paid by the plaintiff to the defendant for or on account of premiums on said three policies so surrendered in exchange since 15 November, 1925.

And it is further ordered, adjudged and decreed that the defendant pay the costs of this action to be taxed by the clerk."

This judgment is affirmed. We find

No error.