456

Holzinger, Appellant, vs. Prudential Insurance . Company of America, Respondent.

*September 14ᵃ—October 13, 1936.*

For the appellant there was a brief by *McGovern, Curtis & Devos* of Milwaukee, and oral argument by *Francis E. McGovern* and *John J. Devos.*

For the respondent there was a brief by *Lines, Spooner & Quarles,* attorneys, and *Charles B. Quarles* and *Leo Mann* of counsel, all of Milwaukee, and oral argument by *Mr. Quarles* and *Mr. Mann.*

ROSENBERRY, C. J.   The facts are as follows: On November 3, 1923, there were issued to the plaintiff by the defendant three policies of term insurance aggregating the sum of $10,000.   These policies were in effect on December 29, 1931, and upon payment of premiums will continue in effect to and including November 3, 1938.   On May 29, 1930, the plaintiff was seriously injured in an automobile accident and suffered as a result permanent partial disability.   On December 29, 1931, the plaintiff made written application to the defendant to convert the three term policies into a policy for "$10,000 of straight life insurance in your company, including accidental death benefit and disability income."

In said application the plaintiff designated May 1, 1930, as the date which the new policy should bear.   In connection with the application, the plaintiff surrendered the three term policies, and offered to pay any arrears in premiums due. The defendant refused to convert the plaintiff's term policies into a policy for—

"$10,000 of straight life insurance in your company, including accidental death benefit and disability income"—

for the reason that that form of policy was not issued and in current use by it on May 1, 1930.   The court found that the defendant—

"also refused to convert plaintiff's $10,000 of term policies into a form of policy insuring plaintiff for $10,000 life in-

surance, plus $10,000 accidental death benefits, plus $100 per month disability income during the continuance of disability as defined in the disability income clauses and without deduction from the insurance as requested by plaintiff in said application for the reason that the amount or commuted value of such new policy so requested by plaintiff exceeded $10,000, the amount of insurance under said three term policies."

Other facts were found which are not material to the questions raised here except that the court found that the defendant has offered and has at all times been ready, willing, and able to convert said three term policies into any form of policy issued by the defendant and in current use on May 1, 1930, and for the proper amount or commuted value in accordance with said term policies, upon a proper written application for such conversion and upon compliance by the plaintiff with all of the terms and provisions of said three term policies on his part to be performed in connection with such conversion.

The question to be decided is, What construction is to be placed upon the provisions contained in the policies relating to conversion into any other regular form of policy? The provisions are as follows:

"At any time within twelve years from its date this policy, if then in force, may be converted, upon written application of the insured, and legal surrender of said policy to the company, into any other form of policy issued by the company and in current use on the date given such new policy, exclusive of a policy on the term or the continuous monthly income plan or, if the insured be totally and permanently disabled at the time of conversion, exclusive of a policy with accidental death benefit or with disability income without deduction from the insurance, provided:

"That such new policy shall bear any date from the date of this policy up to and including the date of the application for conversion as the insured may direct;

"That the amount or commuted value of such new policy (including accidental death benefit or disability income, if applied for) shall not exceed the amount of insurance under this policy at the time of conversion;

"That such new policy shall be subject to the payment from its date, in accordance with its terms, of the company's regular premium charged for such a policy at such date at the age of insured on such date;

"That there shall be paid to the company arrears in premiums under such new policy at the time of actual conversion, with compound interest at the rate of five per cent per annum from the due dates of such arrears to the date of the application for conversion, and that in computing such arrears credit shall be allowed the insured for the premiums covering the period, beginning at the date of the new policy, for which premiums actually have been paid under this policy, and such credit shall be in the proportion that the amount or commuted value of the new policy (excluding accidental death benefit or disability income, if applied for) bears to the amount of this policy; and

"That no medical re-examination shall be required at the time of such conversion except that evidence that the insured is not totally and permanently disabled shall be furnished when application is made for conversion to a policy with accidental death benefit or disability income without deduction from the insurance."

The controversy turns upon the meaning of the paragraph—

"That the amount or commuted value of such new policy (including accidental death benefit or disability income, if applied for) shall not exceed the amount of insurance under this policy at the time of conversion."

Plaintiff contends that under the provisions of this clause he is entitled upon complying with the conditions of the policies to a new policy dated May 1, 1930, which would have a face amount of life insurance of $10,000 with accidental death benefits in the sum of $10,000 and with disability in-

come benefits in the sum of $100 per month (being at the rate of $10 per month for each $1,000 of the face amount of the insurance) during the continuance of disability as defined in the policy and without deduction from the insurance, whereas the aggregate amount of insurance under said three term policies on December 29, 1931, was $10,000, which said amount of insurance under said term policies would be payable, in case of permanent and total disability as therein defined, in one hundred and twenty monthly instalments during ten years, each instalment in the amount of $97.40, which said monthly instalment payments would aggregate during the ten years $11,688, this amount being the financial equivalent of $10,000 payable in monthly instalments plus interest upon the unpaid balance during the said ten-year period.

It is considered that the contention of the plaintiff cannot be sustained. The plaintiff seeks to have the paragraph in controversy construed as if it read that the amount of such new policy shall not exceed the amount of insurance under this policy at the time of conversion. If the policy contained that language, the plaintiff might contend that he was entitled to receive a new policy for $10,000 and have annexed thereto accidental death benefits or disability income, if the company issued such a policy at the time of demand. The words "including accidental death benefit or disability income, if applied for" can have no other meaning or effect than that in determining the amount of the insurance to be issued the commuted value of accidental death benefits and disability income requested shall be deducted from the amount of the policy and a whole life policy issued for the difference, limiting the amount of insurance including death and income benefits under the new policy to the amount of insurance under the term policies.

The plaintiff raises another question. After joinder of issue, the defendant moved for summary judgment. The

motion came on for a hearing, defendant's motion was denied, and the case went to trial. The plaintiff contends that in considering defendant's motion for summary judgment the court considered and determined the question at issue in the case, and that that determination became the law of the case, and that the trial judge in the subsequent trial was bound by such determination. We think this contention cannot be sustained within the rule of the cases. *Paulsen v. Gundersen* (1935), 218 Wis. 578, 260 N. W. 448; *First National Bank v. Kromer* (1905), 126 Wis. 436, 105 N. W. 823.

The question presented for determination on the motion for summary judgment is whether judgment shall be entered upon the record as it stands. The denial of the motion makes a trial necessary, and the motion for summary judgment drops out of consideration. On a motion for summary judgment, the court does not try the issues,—it merely decides whether there is an issue for trial.

On the appeal, a brief filed by counsel for the defendants in the circuit court was attached to the record and returned here as a part of it. This brief was referred to by the trial court in its opinion, and it might have been attached and referred to for purposes of clarification. It is not, however, a part of the record, except as it may be incorporated in the opinion of the trial court. Being no part of the record, it cannot be considered, except for the limited purpose indicated.

*By the Court.*—Judgment affirmed.