[Civ. No. 11443.  First Dist., Div. One.—April 24, 1941.]

CHARLES PERKINS et al., Appellants, v. FIREMAN'S FUND INDEMNITY COMPANY (a Corporation), Respondent.

George K. Ford and Simpson Finnell, Jr., for Appellants.

Bronson, Bronson & McKinnon for Respondent.

PETERS, P. J.—Plaintiffs, husband and wife, brought this action to recover from defendant insurance company the amount of a judgment secured by them against a policy-holder of defendant company, which judgment had not been paid by the assured. The trial court held that under the terms of the policy the defendant company had already paid on behalf of the assured to the plaintiffs the total amount required by the policy, and that plaintiffs should only recover $15.25 costs incurred in the action. From a judgment so holding plaintiffs prosecute this appeal.

The appeal is taken on the judgment roll. It appears therefrom that in September of 1934, Vira Perkins received serious bodily injuries as a result of being hit by an automobile then being negligently operated by Orval Alden Van Kirk, who was driving the car with the knowledge and consent of O. A. Van Kirk, the owner. The latter carried an automobile public liability policy with $10,000–$20,000 limits with defendant company, which not only covered the owner but also anyone driving with his consent. Vira Perkins brought an action against the two Van Kirks praying for $30,000 general damages and also for special damages for loss of earnings and medical care. During the course of that trial the plaintiff, Vira Perkins, voluntarily dismissed her claim for special damages. The plaintiff in that action secured a $30,000 judgment against Orval Alden Van Kirk, and a $5,000 judgment against O. A. Van Kirk, as owner, plus costs. Thereafter, the defendant, the insurance carrier, paid to Vira Perkins the total sum of $10,000, plus interest and costs, and received from her a satisfaction in full of her judgment against O. A. Van Kirk, and a partial satisfaction in the amount of the payment, of the judgment against Orval Alden Van Kirk.

Thereafter, Vira Perkins and her husband, Charles Perkins, then commenced a separate action against the two Van Kirks for the special damages incurred as a result of the accident—loss of services, and medical and hospital expenses. In that action the two plaintiffs secured a judgment against Orval Alden Van Kirk in the total amount of $6,999.88, and costs of $15.25. That judgment has become final, and is unpaid. The two plaintiffs then brought the present action against defendant, as the insurance carrier of O. A. Van Kirk, to recover the whole or part of the judgment secured in the second action. The trial court ruled that the defendant insurance carrier had already fulfilled all of its obligations under the policy except for the payment of costs in the second action. Accordingly, it entered its judgment for plaintiffs in the sum of $15.25, plus interest, and denied plaintiffs any further relief.

It is the theory of the appellants that both the husband and wife suffered a loss as a result of the injuries to the wife—the wife for her bodily injuries, and the husband and wife for the special damages; that under the policy the total liability for injury to one person was $10,000, but, for injury to more than one person, $20,000. They admit that another woman was injured in the same accident, and that the defendant carrier paid this other injured woman $4,750 in compromise of her claim. They, therefore, contend that defendant insurance carrier is liable for the difference between the amounts already paid ($10,000 plus $4,750, or $14,750) and the total liability of $20,000. It is their contention that they may recover $5,250 from the defendant carrier to apply on the second judgment secured against Orval Alden Van Kirk.

The extent of the liability of the defendant insurance company is, of course, to be determined from the terms of the policy. On the first page of the policy, in the schedule of perils insured against, there appears as Item ''J'' the following:

''J. Legal Liability for Bodily Injury or Death (Part 2, Agreement I).

Limits:

One Person—Ten thousand Dollars ($10,000).

One Accident—Twenty thousand Dollars ($20,000).''

In the body of the policy appear these pertinent provisions:

"DOES HEREBY AGREE with the Assured named and described as such in this policy and named in Part II, Statement 1 of Declarations, subject to the representations, limitations, conditions and exceptions, as respects bodily injuries (or death, loss of service or expense resulting at any time therefrom) and property damage accidentally suffered or alleged to have been suffered during the policy period defined in Statement 2 of Declarations, by any person or persons (except those persons referred to in the proviso entitled 'Exclusions'), by reason of the ownership, maintenance or use, including loading and unloading of any automobile described in Statement 8 of Declarations, at any location within the United States or the Dominion of Canada, as follows: "AGREEMENT 1—LEGAL LIABILITY FOR BODILY INJURIES OR DEATH—TO PAY, within the limits specified in Item J of Schedule, any loss by reason of the liability imposed by law upon the Assured arising out of such bodily injuries (and death, loss of service and expense resulting therefrom) ;". There then follows Agreements II to VI providing for other forms of liability. The policy then continues: "LIMITS OF LIABILITY—ALWAYS PROVIDED that the Company's liability under this policy whether it be issued in the name of one Assured or of more than one Assured shall be limited in the following manner:

"(1) For all claims arising out of bodily injuries or death under Agreement I, the limit of the Company's liability on account of bodily injuries to or the death of one person shall be the limit.expressed for 'one person' in Item J of Schedule, and, subject to the same limit for each person, the Company's total limit of liability on account of bodily injuries to or the death of more than one person as the result of any one accident, shall be the limit expressed for 'one accident' in Item J of Schedule, but the said limits apply to each automobile insured hereunder."

The appellants contend that the $10,000 limitation of liability in the policy should be construed as giving *each* person who suffers a loss on account of the injury or death of *one* person the right to recover on the policy to the extent of $10,000, provided that the total recovery by all persons for any one accident may not exceed $20,000. In arriving at

this interpretation of the policy the appellants emphasize the language above-quoted to the effect that the insurer agrees to pay, within the limits specified in Item ''J'', any loss by reason of the liability imposed by law on the assured arising out of bodily injuries and death, and loss of services and expenses resulting therefrom. The limit specified in Item ''J''—one person $10,000—appellants construe as meaning where one person is injured or killed *each* person who suffers an actionable loss by reason thereof may recover up to $10,000 provided that recovery by all persons shall not exceed $20,000. Stated another way, appellants, in effect, construe the words ''one person'' as applying to the person suffering loss, rather than to the person injured or killed. If this construction were correct it would inevitably follow that if one person suffered loss by reason of the death of two or more persons (for example mother and father of the plaintiff) then such person could recover but $10,000 in all.

In arriving at their strained and unnatural construction of the policy, appellants are forced to entirely disregard the paragraph entitled ''Limits of Liability'', *supra,* which is inserted in the policy for the express purpose of explaining the limits fixed in Item ''J''.

Appellants cite no cases interpreting similar provisions in such policies, but rely on the rule that all ambiguities in an insurance policy must be interpreted against the insurance company. That is a sound and salutary rule, but it does not require a court to give the policy a strained and unnatural construction. An insurance policy, like any other contract, must be construed in its entirety and given a reasonable construction. A court cannot seize on the words ''one person'', and give those terms a distorted meaning, when another clause in the policy expressly states what those terms mean. There is no ambiguity or uncertainty in the language used in the policy. Obviously, the words ''one person'' refer to the injured person, and the words ''one accident'' to the injury of several persons, regardless of how many may suffer loss by reason thereof.

Respondent cites several cases where the precise point under discussion was involved and was discussed. In each case the court held that the limit of liability applied to the person injured and not to the person suffering loss. (*In re Employers' Liability Assur. Corp.,* 180 La. 406 [156 So.

447]; *Ravenswood Hospital* v. *Maryland Casualty Co.*, 280 Ill. 103 [117 N. E. 485]; *Chattanooga Dayton Bus Line* v. *Burney*, 160 Tenn. 294 [23 S. W. (2d) 669]; *Putnam* v. *Employers' Liability Assur. Corp.*, 90 N. H. 74 [4 Atl. (2d) 353]; *Wilson* v. *Capital Fire Ins. Co. of Lincoln*, 136 Neb. 435 [286 N. W. 331].) Although it is true that the language employed in the policies interpreted in the above cases is not identical with that used in the policy here involved, it is also true that the language used is so similar that the cases furnish strong authority to support the construction of the trial court.

Appellants cite *Antichi* v. *New York Indemnity Co.*, 126 Cal. App. 284 [14 Pac. (2d) 598], as supporting their position. That was an action against an insurance company that had issued a $10,000 public liability policy. The wife secured a judgment against the insured for $7,733.30 for her personal injuries and property damage, and the husband a judgment for $2,500 consequential damages. In an action against the insurance carrier judgments holding it for the total of both judgments were affirmed. Thus, the husband and wife collected $10,233.30 when the policy apparently was limited to $10,000 for the injury to one person. The opinion does not discuss the question involved in the present case for the very good reason that an examination of the briefs and record in that case discloses that the wife's judgment for $7,733.30 was made up of $7,500 for personal injuries, and $233.30 property damage. This last item was covered by another clause of the policy. The result is that, under the public liability clause, the company was held liable only for $10,000, the exact amount of the policy. The case in no way supports appellants.

We are of the opinion, for reasons already stated, that the total liability of the insurance company for the personal injuries received by Vira Perkins was $10,000. That sum has already been paid to Vira Perkins. Neither she nor her husband may lawfully collect any further sum from the insurance carrier of O. A. Van Kirk, the defendant herein.

The judgment appealed from is affirmed.

Ward, J., and Goodell, J., *pro tem.*, concurred.