[L. A. No. 17565.   In Bank.   Sept. 30, 1942.]

HARRY M. BAINE, Appellant, v. THE CONTINENTAL ASSURANCE COMPANY (a Corporation), Respondent.

(1)

Isaac Martin Sackin for Appellant.

Joe Crider, Jr., and Clarence B. Runkle for Respondent.

PETERS, J. pro tem.—Plaintiff, the insured in a policy of life insurance issued by defendant company, brought this action for specific performance to compel the company to exchange the policy for another of his choice, claiming such right by virtue of an ''Exchange of Policy'' clause appearing in his policy. From a judgment denying the relief prayed for, plaintiff prosecutes this appeal.

On June 18, 1927, upon receipt of the required premium, the respondent insurance company delivered to appellant a $10,000 ordinary life nonparticipating policy of insurance. Thereafter, appellant performed all conditions required of him under the policy, and, at the commencement of this action, such policy was in full force and effect. During 1937, 1938 and 1939, appellant, purporting to act under the ''Exchange of Policy'' clause contained in such policy, demanded that respondent exchange the ordinary life policy for another life policy identical with the issued policy except that the demanded policy had attached a rider or supplemental contract providing for disability benefits at the rate of $10 per month for each $1,000 of life insurance provided in the life policy.

The ''Exchange of Policy'' clause contained in the original policy reads as follows: ''At any time while in full force, provided the Insured is then less than sixty years of age, this policy may be changed without medical examination for a policy of the same amount upon any form issued by the Company at the time this policy takes effect and which provides for a higher rate of premium. Such change will be made upon written application therefor on the forms required by the Company and upon payment of a sum equal to the difference between the premium on the new policy and the premium paid on this policy, with interest at the rate of

five and one-half percent per annum from the due date of each payment to the date when the change is made. The new policy shall take effect as of the date of this policy and shall be based upon the same age of the Insured as this policy.''

The evidence shows, and the trial court found, that appellant, while the policy was in full force and effect, and while appellant was under sixty years of age, made demand, accompanied by a tender of the proper amount, for a life policy with disability benefits. The court also found that in 1927, when the original life policy was issued, the company had available for issuance at least twelve other forms of life insurance policies, each providing for a premium in excess of that provided for in the issued policy, and, at that time, also had available seven different forms of riders or supplemental contracts which did not constitute separate policies themselves but which could be attached to life policies to provide for additional insurance, such as double indemnity and various forms of disability benefits; that each of such supplemental contracts, or riders, provided for a premium for the benefits therein specified which was separate from, and in addition to, the premium charged for the life insurance provided in the several forms of policies to which such supplemental contracts or riders might be attached.

■ The trial court's conclusion that appellant was not entitled to exchange his original policy for the one demanded was predicated on two separate theories. In the first place, the trial court concluded that, reasonably construed, the ''Exchange of Policy'' clause did not permit the exchange of an ordinary life policy for an ordinary life policy with disability benefits. The second theory was predicated upon estoppel. In its answer the respondent pleaded, and the trial court found, that in 1927 appellant, by formal application, applied for an ordinary life policy plus disability and double indemnity benefits, and tendered the premium required for such a policy; that respondent refused to issue the policy with those additional benefits attached, but issued the policy here sought to be exchanged and paid back to appellant the portion of the premium chargeable to the additional benefits that had been deposited by appellant upon making his application; that appellant accepted the limited policy and refund with knowledge that the company refused to issue a life policy with disability benefits.

If it be assumed that these findings are supported by the evidence, which is challenged by appellant, we agree with appellant that such findings would not constitute a defense to this action. If the "Exchange of Policy" clause permits the exchange of an ordinary life policy for one with disability benefits attached, the mere fact that respondent had refused to issue such a policy when the ordinary life policy was issued, in the absence of fraud or misrepresentation, which is not claimed, would not bar appellant from exercising an express right given to him by the terms of his policy.

While we agree with appellant that the findings predicated on the special defense do not support the judgment, nevertheless we are of the opinion that the judgment must be affirmed, for the reason that the "Exchange of Policy" clause, properly interpreted, does not permit the type of exchange here demanded. That clause permits the issued policy to be exchanged upon conditions set forth for another of "the same amount," without further medical examination. The only reasonable interpretation of the clause is that the insured is permitted to exchange his issued life policy for any other form of life policy issued by the company—not that he may exchange it for other types of policies issued by the company. Such clause permits a substitution of policies only where the risk involved is identical with the risk assumed in the first policy. This is made clear by the provision that no further medical examination is required and by the limitation that the new policy must be for the "same amount" as the original policy. The evidence shows without contradiction that the medical examination required by the company for a life policy with disability benefits is different and stricter than that required for the issuance of a life policy. In the instant case the original policy provides for $10,000 life insurance. The policy demanded is for $10,000 life insurance plus disability benefits of $10 per month for each $1,000 of insurance set forth in the life policy. The demanded policy, therefore, is not in the "same amount" as the original policy. The risk assumed in the original policy is entirely different from that involved in the demanded policy. According to the original policy the company agreed to pay $10,000 to a designated beneficiary upon the death of the insured. By the demanded policy appellant requested that the company assume that risk, plus the risk of paying to him $100 a month during all periods that he became disabled. The risk

assumed in a liability policy is entirely different from that assumed in a life policy and is predicated upon entirely different factors. Disability insurance is classified by the law as different from life insurance. (§ 100, Ins. Code; see, also, §§ 101 and 106 of the Ins. Code.)

While it is true that all clauses in insurance policies must be interpreted most strongly against the company, and all ambiguities must be resolved in favor of the insured (see cases collected 14 Cal. Jur., p. 443, § 24), where the meaning of the clause is clear, and the intent of the parties obvious, that salutary rule cannot operate to change the nature of the contract and to cast upon the insurance company a liability obviously not assumed. (See cases collected 14 Cal. Jur., p. 446, footnotes 7 and 8; 7 Cal. Jur. Supp., p. 86; 7 Cal. Jur. (Pocket Supp.) p. 35.) The rule of construction under discussion does not require the court to give the policy a strained and unnatural construction. (*Perkins* v. *Fireman's Fund Indem. Co.*, 44 Cal.App.2d 427 [112 P.2d 670].) The policy, like any other contract, must be interpreted according to the intention of the parties as expressed in the instrument. (*Blackburn* v. *Home Life Ins. Co.*, 19 Cal.2d 226 [120 P.2d 31].)

The interpretation of the clause urged by appellant would lead to absurd and obviously unintended results. It would mean that an insured, knowing that the physical examination required for a life policy was different and less strict than that required for a policy with disability benefits, could secure the issuance of a strip life policy, and then, immediately, without further medical examination, demand and secure the issuance of a life policy with disability benefits. It would also mean that all persons who have life policies containing such a clause, if they became disabled before attaining the age of sixty, could, upon the conditions set forth in the clause, secure disability insurance, and thus secure a life income after the disability had been incurred. To give the clause such a construction would compel the company to incur a risk never intended or assumed.

The case of *Rosenberg* v. *Equitable Life Assur. Soc.*, 193 N.C. 126 [136 S.E. 364] interprets a somewhat similar clause contrary to the construction contained in this opinion, and in accordance with the contentions of appellant. That opinion fails to discuss the various arguments set forth in this opinion which we think are conclusive. Certainly, it cannot

be contended that any reasonable man would believe that under the clause in question he was entitled to exchange his life policy for one containing a disability clause when that very policy when the life policy was issued had been refused him, or when, conceivably, the disability had already been incurred. The reasoning of the cited case, in our opinion, is unsound.

The judgment is affirmed.

Gibson, C. J., Shenk, J., Curtis, J., Edmonds, J., and Traynor, J., concurred.

CARTER, J.—I dissent. The majority opinion violates every rule applicable to the construction of an insurance policy and is contrary to the only decision by a court of last resort in the United States dealing with the same subject matter.

It is conceded that under recognized rules of construction a policy of insurance, like any other contract, must be interpreted according to the intention of the parties as expressed in the instrument and that a strained and unnatural construction should not be given to words used therein (*Blackburn* v. *Home Life Ins. Co.*, 19 Cal.2d 226 [120 P.2d 31]; *Perkins* v. *Fireman's Fund Indem. Co.*, 44 Cal.App.2d 427 [112 P.2d 670]); that because contracts of insurance are not the result of negotiation and are generally drawn by the insurer, any uncertainties or ambiguities therein are resolved most strongly in favor of the insured (*Blackburn* v. *Home Life Ins. Co., supra*); and that where two interpretations equally fair may be made, that which affords the greatest measure of protection to the assured will prevail. (*Fageol T. & C. Co.* v. *Pacific Indemnity Co.*, 18 Cal.2d 731 [117 P.2d 661].)

In the light of these rules of construction let us examine the provision of the policy in question. Said provision reads: "At any time while in full force, provided the Insured is then less than sixty years of age, this policy *may be changed without medical examination* for a policy of the same amount upon *any* form issued by the company at the time this policy takes effect and which provides for a higher rate of premium. . . ." The question is whether under that provision the insured under an ordinary life policy may have that policy exchanged for a life policy with disability benefits where the

premiums are higher, but the amount of the death benefit is the same. In the instant case one of the forms of policies issued by the insurer at the time the original policy was issued was an ordinary life policy with disability benefits. In order that there may be no doubt it should be observed that the policy requested in exchange, a life policy with disability benefits, was nothing more than another policy which is a single policy even though the premiums for the disability benefits may be separately specified. The disability feature is an inseparable part of the life feature and both features in one document constitute one policy of insurance. (*Blackburn* v. *Home Life Ins. Co., supra.*)

To my mind it is perfectly obvious that the proper application of the rules of construction for insurance policies above stated compels the conclusion that plaintiff is entitled to a life policy with disability benefits. The words in the policy are plain and unambiguous. The insured is entitled to a policy in *"any form"* issued by the company. No qualification or limitation whatever is made. To conclude that a life policy with a disability feature is not included with the phrase *"any form"* is to do violence to the plain and clear language of the contract. It makes a *new* contract for the parties. It interpolates words that do not appear therein such as for illustration after the word "from" it inserts the words "or ordinary life policy" or "except those having disability features." Not only does such an interpretation of the policy merely do violence to the rule that the policy must be interpreted most strongly against the insurer, but it accomplishes the very opposite of that rule. It makes a new contract where the language is plain, and makes such new contract distinctly unfavorable to the insured. If the insurer desired to so limit the exchange clause it could have done so as is illustrated in *Holzinger* v. *Prudential Ins. Co. of America,* 222 Wis. 456 [269 N.W. 306].)

If it be assumed, as is expressed in the majority opinion, that the requirement that the exchange policy be "for the same amount" is susceptible of the construction that disability benefits could not be added because the amount of the policy would then be different, it certainly cannot be said that such is the *only reasonable construction.* The most that could follow would be that an *ambiguity* existed, that is, that some doubt was cast upon the broadness of the phrase *"any form"* of policy by the term "of the same amount."

But that is only a doubt,. and reading the phrases together they may reasonably be interpreted to mean any form of policy where the principal amount of the insurance on the life alone is the same amount. With these two possible interpretations present there is no escape from the application of the rule stated in *Blackburn* v. *Home Ins. Co., supra,* 229:

"Because contracts of insurance are not the result of negotiation and are generally drawn by the insurer, any uncertainties or ambiguities therein are resolved most strongly in favor of the insured." Can it be doubted that the clause here in question falls within the rule that "Where two interpretations equally fair may be made, that which affords the greatest measure of protection to the assured will prevail." (*Fageol T. & C. Co.* v. *Pacific Indemnity Co., supra.*)

The majority opinion states: "The only reasonable interpretation of the clause is that the insured is permitted to exchange his issued life policy for any other form of life policy issued by the company—not that he may exchange it for other types of policies issued by the company. *Such clause permits a substitution of policies only where the risk involved is identical with the risk assumed in the first policy.*" (Emphasis added.) I am unable to find any statement in the clause in question which justifies the above italicized sentence. On the contrary, the provision in the clause providing that the insured may exchange his policy for a policy "which provides for a higher rate of premium" indicates that it was contemplated by the insurer that the insured would be entitled to exchange his policy for one where the risk involved was greater than that assumed under the first policy; that is to say, that one is justified in concluding that a policy providing for a higher rate of premium would involve a greater risk than one providing for a lower rate of premium. Yet, the majority opinion entirely ignores this provision in the clause under consideration.

As pointed out above, the majority opinion not only violates every rule of construction applicable to insurance policies and writes a different contract than that which the parties entered into, but it also disregards the only decision by a court of last resort in the United States dealing with the precise proposition here under consideration. In the case of *Rosenberg* v. *Equitable Life Assur. Soc.,* 193 N.C. 126 [136 S.E. 364], a clause practically identical with the one here in question, indeed more susceptible to the construction given it by the majority opinion, was judicially construed to

mean, as a matter of law, that the insured is entitled thereunder to have issued to him in exchange for a term policy without disability benefits, a life policy with disability benefits. The provisions involved in the Rosenberg case read as follows:

"The insured . . . may at any time within seven years from the register date hereof, *without medical re-examination,* exchange this policy for a policy *for the same amount* or any less amount, upon the *ordinary life,* limited payment life, or endowment plan upon any anniversary of this policy, or within the thirty-one days of grace, by surrendering this policy to the society at said home office, with written notice of the election, and by paying the premiums to be fixed by the age on the birthday nearest to the date of such exchange according to the rates of the society then in force." (Emphasis added.) Insured brought an action to enforce specifically that clause claiming that he was entitled thereunder to a life policy with disability benefits in exchange for his term policy. In holding that the plaintiff was entitled to the relief prayed for, the court stated:

"Plaintiff is entitled *not only to a policy upon the ordinary life plan in exchange for* his term policies; he is further entitled, at his election, and upon the payment of the premium charged therefor, to any form of such policy which defendant was issuing and selling both at the date of his application for the term policies and at the date of his request for the exchange. Defendant admits in its answer to the complaint that at both dates it was issuing and selling an ordinary life policy, containing both a disability clause and a double indemnity clause.

"It cannot be held as law that an insurance company which has contracted to issue and deliver a policy described in the contract by a general name, and which at the date of the contract issues such policy in two forms, one affording larger protection than the other, can perform its contract, or be discharged of liability thereon, by issuing a policy affording the less protection, when the person to be insured requests a policy affording the larger protection and offers to pay the premium charged therefor, the only consideration moving the company to issue one form of policy rather than the other being a difference in the premium. In such case, the person to be insured and not the company has the right of election."

The majority opinion further states: "The interpretation of the clause urged by appellant would lead to absurd and obviously unintended results. It would mean that an insured, knowing that the physical examination required for a life policy was different and less strict than that required for a policy with disability benefits, could secure the issuance of a strip life policy, and then, immediately, without further medical examination, demand and secure the issuance of a life policy with disability benefits. It would also mean that all persons who have life policies containing such a clause, if they became disabled before attaining the age of sixty, could, upon the conditions set forth in the clause, secure disability insurance, and thus secure a life income after the disability had been incurred."

A complete answer to the foregoing discussion contained in the majority opinion is that the insurance company could by clear and unambiguous language have provided against the eventualities contemplated in such discussion; that it did not do so should not militate against the insured in the case at bar who is entitled to have the policy construed in a manner which affords the greatest measure of protection to him if such construction is equally fair with a contrary interpretation. That a similar provision has been interpreted in favor of the insured by the Supreme Court of North Carolina should be conclusive on the proposition that the provision in question is susceptible to two interpretations. The fact that an insurance company first refused to issue a policy of insurance to an individual, but did so later, would afford it no ground for denying liability which arose under a policy so issued.

The majority opinion, however, brushes aside the Rosenberg case with the mere assertion that "that opinion fails to discuss the various arguments set forth in this opinion which we think are conclusive," and that "the reasoning of the cited case, in our opinion, is unsound." However, I think it can be said to the credit of the Supreme Court of North Carolina that in deciding the Rosenberg case it did not ignore settled rules of construction applicable to insurance policies or attempt to write a new contract for the parties. In my humble opinion, the decision in that case excels in sound reasoning and judicial erudition the opinion of the majority of this court in the case at bar.

In my opinion the judgment should be reversed.