[Civ. No. 15244. First Dist., Div. Two. Mar. 16, 1953.]

JEAN BONDY, Appellant, v. PHOENIX INDEMNITY COMPANY (a Corporation), Respondent.

Dreher, McLeod & Bowman for Appellant.

Appelbaum & Mitchell and John Jewett Earle for Respondent.

DOOLING, J.—Plaintiff appeals from a judgment for defendant following the verdict of a jury. The action was upon a policy of insurance issued by defendant to plaintiff's husband covering generally loss resulting from accidental bodily injuries and making plaintiff the beneficiary in case of death of the insured in a manner covered by the policy.

The insured was involved in an automobile accident in 1949, which caused him no apparent physical injury and for which he made no claim under the policy. However there was testimony that from the date of the accident until his death he was unable to perform any of his occupational duties. The only question presented to the jury was whether the accident caused the death of the insured and the jury on this issue found against the plaintiff. That this finding is supported by the evidence is not disputed.

Appellant's sole contention is that under the language of the policy death from any cause was within the coverage of the policy if the insured was within 30 days of the accident permanently disabled thereby or in the alternative that the policy was ambiguous in this respect and she was entitled to introduce evidence of her construction of the policy to explain the ambiguity.

The following quotation from the language of the policy presents the material question on appeal:

"This policy provides indemnity for *loss of Life,* Limb, Sight, Speech, Hearing or Time *by Accidental Bodily Injuries,* as herein limited and provided.

.    .    .    .    .    .    .    .    .    .    .    .    .

"Phoenix Indemnity Company . . . In Consideration of the premium . . . hereby insures the person named in Statement 1 of the said application against *loss resulting independently and exclusively of all other causes from accidental bodily injury,* hereinafter referred to as 'such injury', as follows:

## "Loss of Life

"Clause 1. If 'such injury' alone shall, commencing on date of the accident or within 30 days thereof, wholly and continuously disable and prevent the Insured from performing any and every duty pertaining to his occupation to the date of loss of life, or if within twenty-six weeks from date of accident regardless of intervening total disability, 'such injury' alone shall result in loss of life, the Company will pay the Principal Sum, and in addition weekly accident indemnity as hereinafter provided to the date of loss of life." (Emphasis ours.)

Despite the fact that in the language which we have emphasized the policy twice states clearly that the loss insured against is "loss of life . . . by accidental bodily injuries" and "loss resulting independently and exclusively of all other causes from accidental bodily injury" it is appellant's contention that the first provision of Clause 1 above quoted should be read as if some such words as "regardless of the cause of such loss of life" should be added thereto so that it would read: "If such injury alone shall, commencing on date of the accident or within 30 days thereof, wholly and continuously disable and prevent the Insured from performing any and every duty pertaining to his occupation to the date of loss of life (*regardless of the cause of such loss of life*) . . . the Company will pay the principal sum . . ."

The policy will simply not bear this construction. As pointed out above the loss insured against is twice previously described as loss "by" or "resulting from" accidental bodily injuries. In addition the use of the words "loss of life" instead of "death" in the clause in question has significance. If the intention had been to insure against death whether caused by the accidental injury or not it would have been the natural thing to use the word "death" in that connection. "Loss of life" has a narrower connotation than "death" indicating a "death" caused by some extraneous agency and in the framework of this policy it has the still narrower connotation of "loss . . . by accidental bodily injuries" or "loss resulting . . . from accidental bodily injury."

It is perfectly clear that Clause 1 is intended to cover loss of life *caused exclusively by accidental bodily injuries* in two contingencies: 1. such loss of life at any time, whether within 26 weeks or longer, where the insured is continuously disabled, within the time limited, by the accident up to the time of loss of life, and 2. without regard to disability where such loss of life occurs within 26 weeks of the accident.

While policies of insurance are to be strictly construed against the insurer (Civ. Code, § 1654; *Guidici* v. *Pacific Automobile Ins. Co.*, 79 Cal.App.2d 128 [179 P.2d 337]) this rule "does not require the court to give the policy a strained and unnatural construction" (*Baine* v. *Continental Assur. Co.*, 21 Cal.2d 1, 5 [129 P.2d 396, 142 A.L.R. 1253]) and "(n)o term of a contract is either uncertain or ambiguous if its meaning can be ascertained by fair inference from the other terms thereof" (*Burr* v. *Western States Life Ins. Co.*, 211 Cal.

568, 576 [296 P. 273] ; *Sampson* v. *Century Indemnity Co.,* 8 Cal.2d 476, 480 [66 P.2d 434, 109 A.L.R. 1162]).

There is nothing in *Zuckerman* v. *Underwriters at Lloyds,* (Cal.App.) 250 P.2d 653 (hearing granted by the Supreme Court), which appellant has cited, in conflict with our construction of the policy.

Judgment affirmed.

Nourse, P. J., and Goodell, J., concurred.