[Civ. No. 17741.  First Dist., Div. Two.  Nov. 4, 1957.]

JAMES L. TREADWELL, Appellant, v. PACIFIC IN-
DEMNITY COMPANY (a Corporation), Respondent.

Athearn, Chandler & Hoffman and Theodore P. Lambros
for Appellant.

Derby, Cook, Quinby & Tweedt for Respondent.

DRAPER, J.—Plaintiff appeals from judgment entered
after sustaining of demurrer to his second amended complaint
without leave to amend. This pleading sought recovery of

the value of certain tools of appellant and his employees stolen from within plaintiff's building. Respondent had issued a "property floater policy" insuring appellant against "all risks of direct physical loss of . . . the insured property." Photostatic copy of the policy is made a part of the second amended complaint.

The principal issue arises under paragraph 6 of the policy, which follows paragraphs defining property covered and excluded, and perils insured and excluded. Paragraph 6 reads:

"6. LIMITS OF LIABILITY: The liability of this Company shall not exceed $60,000.00 in any one loss, casualty, or disaster, including salvage charges or other expenses or all combined subject to the following limits:

(a) While in Transit: $25,000.00

(b) 1. While at the following location(s) owned, rented, under control of or used, in whole or in part, by the Assured:

|  | In Building | Outside Building |
|---|---|---|
| 1755 3rd STREET, SAN FRANCISCO, CALIFORNIA | $   NIL | $60,000.00 |
|  | $_____ | $_____ |
|  | $_____ | $_____ |

(b) 2. In the event, after attachment of this policy, the Assured shall acquire an additional location(s) within the territorial limits of this policy by ownership, rental, control, or use, in whole or in part, coverage is afforded under this policy for a period of 30 days after date of acquisition, or until this policy is endorsed to cover property at such acquired locations, whichever first occurs.

The Company's limit of liability shall not exceed, in any one loss, casualty or disaster, $60,000.00 at each such location.

(c) $20,000.00 while located elsewhere within the territorial limits of the policy except as described in (a) and (b)."

(The portions of the above quotation which are underlined are typewritten in the policy. All the remainder is printed.)

On its face, this language appears to exclude coverage of property within the building at appellant's place of business.

The complaint alleges that the property was stolen from the building. Thus the policy, so construed, would not extend to the loss sued upon.

Appellant argues, however, that the typewritten word "nil" should apply to limits of liability, rather than to coverage. Thus, he argues, the policy liability is limited to $60,000 on property outside the building, but is without any limit whatever on property within the building. On its face, this argument seems untenable. In more technical approach, the word "nil," a contraction of nihil, means "nothing" (Webster's New International Dictionary, 2d ed.). To state that "The liability of this Company shall not exceed nothing" is by no means to say that the liability is unlimited. We are aware that it is hardly realistic to apply standards of good English usage to the language of an insurance policy. Policy jargon is at least as painful to the purist as the language of judicial opinions. Nonetheless, we are convinced that the word "nil" in its context here cannot be given the meaning urged by appellant. The rules of construction compel us to give effect, so far as possible, to all language of the contract. We conclude that the word means that no insurance is extended to property within the building. Our view is supported by the only decision we find dealing with a comparable problem (*Alamo Casualty Co.* v. *Richardson*, (Tex.Civ.App.) 235 S.W.2d 726.)

The foregoing also disposes of appellant's argument that the $20,000 limit fixed by subdivision (c) applies here. As demonstrated, use of the word "nil" in paragraph 6(b)1 excludes coverage of property within the building at 1755 Third Street. Thus subdivision (c), which applies only to property not described in subdivisions (a) and (b), can have no effect here.

The property here in question also is excluded from the application of the policy by the language describing the property insured. The policy covers "mobile agricultural and construction equipment . . ., including accessories therefor, attached or otherwise, the property of the Assured and the property of others in the custody or control of the Assured, for sale, display, demonstration, storage, service, repairs or for the purpose of performing work thereon."

In his first amended complaint, appellant described the stolen property as hand tools used for servicing and repair of mobile equipment, but which "were not attached to nor kept in or on any item of such equipment, and did not ac-

company any such item which left plaintiff's premises under sale or lease.'' As appellant concedes, he is bound by these allegations of the earlier complaint (*Owens* v. *Traverso,* 125 Cal.App.2d 803 [271 P.2d 164]).  By no reasonable definition can the tools used by shop workmen, in the business of repairing and servicing mobile equipment generally, be deemed to be ''accessories'' of any one or all of the machines which have been or may hereafter be serviced or repaired (Webster's New International Dictionary, 2d ed.; Black's Law Dictionary, 4th ed.) Appellant argues, however, that the quoted language covers all property in the custody of the assured for the purpose of performing work upon mobile agricultural and construction equipment. This strained construction, as well as others urged, requires rearrangement of the policy language or omission of portions of it.  We must read the contract as a whole, without deletion or interpolation (*Cummins* v. *Bank of America,* 17 Cal.2d 846, 849 [112 P.2d 593]). Clearly the language used here means that insurance is extended to mobile equipment and accessories therefor, whether owned by the assured or merely in his custody for the purposes stated.  The rule is that a forced construction is not to be adopted to cast upon the insurer a liability which it has not assumed (*New York Life Ins. Co.* v. *Hollender,* 38 Cal.2d 73, 81 [237 P.2d 510]; *Baine* v. *Continental Assur. Co.,* 21 Cal.2d 1, 5 [129 P.2d 396, 142 A.L.R. 1253]).

Judgment affirmed.

Kaufman, P. J., and Dooling, J., concurred.