54 Cal.Rptr. 906]

[Civ. No. 8025. Fourth Dist., Div. Two. Sept. 12, 1966.]

SYLVIA ANN VALDEZ, a Minor, etc., et al., Plaintiffs and
 Appellants, v. INTERINSURANCE EXCHANGE OF
 THE AUTOMOBILE CLUB OF SOUTHERN CALI-
 FORNIA, Defendant and Respondent.

Marsh, Moore & Cologne and R. Marsh for Plaintiffs and Appellants.

Gilbert, Thompson & Kelly, Everett W. Thompson and Jean Wunderlich for Defendant and Respondent.

KERRIGAN, Acting P. J.—Barbara Ann Valdez, deceased, was killed in a one-car automobile accident, and plaintiffs herein subsequently filed an action as heirs of the decedent for the purpose of recovering money damages against the driver of the vehicle, Charles Rudy Montez, who was driving the car with the insured owner's consent. The plaintiff-minors, natural children of the decedent, and the plaintiff, Richard J. Valdez, surviving spouse of the decedent and father of the said minors, recovered judgment in a wrongful death action in their capacity as heirs of said deceased in the sum of $60,000, and the surviving spouse, Richard J. Valdez, recovered judgment individually in the sum of $2,500 for personal injuries sustained by him in such accident.

The defendant, Interinsurance Exchange of the Automobile Club of Southern California, had issued to Virginia Montez, the owner of the 1957 Chevrolet in which Barbara was riding at the time of the accident which culminated in her demise, an automobile public liability insurance policy with $10,000/ $20,000 limits, which provided coverage for the owner and any person driving the insured vehicle with the owner's permission.

Following rendition of the judgment in favor of the heirs jointly and Richard J. Valdez, individually, the defendant-insurance company paid plaintiffs the sum of $10,000 as heirs of the deceased, together with the sum of $2,500 to Richard J. Valdez, individually. Plaintiffs then filed this suit claiming they are entitled to the further sum of $7,500 in damages under the terms of the policy.

The pertinent sections of the policy issued by defendant-company by which it undertook to indemnify the assured against loss for injury or death resulting from the operation of the insured automobile provide as follows:

"COVERAGE A—BODILY INJURY LIABILITY

"A. bodily injury sustained by any person.

" 'bodily injury' means bodily injury, sickness or disease, including death resulting therefrom;

"57 Chev 10/20

"(6) Ten Thousand Dollars Each Person
 Twenty Thousand Dollars each accident

"4. LIMITS OF LIABILITY— . . . Coverage A. . . . The limit of the bodily injury liability stated in the declarations for . . . coverage A . . . for:

"(a) 'each person' is the limit of the Exchange's liability for all damages including damages for care and loss of services, arising out of bodily injury sustained by one person as the result of any one occurrence or accident; and

"(b) 'each occurrence' or 'each accident' is, subject to the limit for 'each person,' the total limit of the Exchange's liability for all such damages arising out of a bodily injury sustained by two or more persons as the result of any one occurrence or accident."

It should be particularly noted that "bodily injury" also means "death resulting therefrom." The numerals "10/20" denote $10,000 bodily injury liability for each person, and $20,000 bodily injury liability for each occurrence. Thus, provision 4 defining the limits of liability is the provision requiring interpretation herein for the purpose of determining the extent of defendant's liability under the policy.

The issue involved is whether the extent of the liability of the insurance company to the heirs of Barbara Ann Valdez is in the sum of $10,000 or in the sum of $20,000. The parties frankly and fairly concede that the determination of this issue involves an interpretation of the insurance contract and

constitutes solely a question of law since no oral evidence was introduced in aid of interpretation and the parties are in agreement as to the facts involved. (*Harabedian* v. *Zurich Ins. Co.*, 218 Cal.App.2d 702 [32 Cal.Rptr. 813].)

 Plaintiffs contend on appeal that the higher limit of coverage applies on two premises: (1) that a reasonable interpretation of the insurance contract language is that "one person" refers to the person *damaged,* not the person *killed;* (2) that if there is ambiguity in the language of the insurance contract as to whether "one person" refers to the person *damaged* or the person *killed,* under California law where the language of an insurance contract is ambiguous or susceptible of two constructions, it should be strongly construed in favor of the insured and against the insurance carrier.

Because plaintiffs contend that the $10,000 limits of liability in the policy should be construed as giving *each person* who suffers a loss by reason of the death of one person the right to recover on the policy to the extent of $10,000, providing that the total recovery by all persons for any one accident resulting in death to one person may not exceed $20,000, it is necessary to determine whether the "one person" defined in the policy refers to the person *damaged* or the person *killed.*

In *Williams* v. *Standard Acc. Ins. Co.* (5th Cir. 1951) 188 F.2d 206, a liability policy providing coverage of $5,000/$10,000 was issued containing language[1] almost identical with the wording of the policy issued by the defendant herein. The claimants were the widow and two minor daughters of the

---

[1]In *Williams* v. *Standard Acc. Ins. Co., supra* (5th Cir. 1951) 188 F.2d 206, the policy provided as follows:

"1. Under the heading of 'Declarations', the following:

"Coverages — Limits of Liability

"A. Bodily Injury Liability $5,000.00 each person
 $10,000.00 each accident

· · · · · · · · · · · · ·

"Under the heading 'Conditions,' the following:

"1. Limits of liability—Coverage A.

". . . The limit of bodily injury liability stated in the declarations as applicable to 'each person' is the limit of the company's liability for all damages, including damages for care and loss of services, arising out of bodily injury, including death at any time resulting therefrom, sustained by one person in any one accident; the limit of such liability stated in the declarations as applicable to 'each accident' is, subject to the above provision respecting each person, the total limit of the company's liability for all damages, including damages for care and loss of services, arising out of bodily injury, including death at any time resulting therefrom, sustained by two or more persons in any one accident.''

deceased, and sought to recover damages of $10,000, which represented the maximum liability of the company under the policy. The trial court jury returned a verdict in favor of the heirs in the sum of $10,000, and the trial judge ordered that the verdict be reduced to $5,000, and judgment was entered in the reduced sum. On appeal, the U. S. Circuit Court of Appeals affirmed the action of the trial court in reducing the judgment to the single limit, and held that the limit of $5,000 to "each person" relates to the person suffering bodily injury or death and not to the person or persons who may suffer damages in consequence of such injury. Summarily stated, the court held that the term "each person" in an automobile liability policy means the person *killed* and not each person who may suffer damages as a result of such injury or death.

In *Hutton* v. *Martin*,[2] 43 Wn.2d 574 [262 P.2d 202], the Supreme Court in Washington held in an action for wrongful death filed by a widow upon behalf of herself individually and as representative of her two minor children that the words of limitation[3] contained in a public liability indemnity policy restricting liability for bodily injury to $5,000 for "each person" referred to the person injured or killed and not to each person who might suffer damages by reason of said injury or death. The limit of the insurance company's liability for damages under a $5,000/$25,000 policy in which only one person was killed was held to be $5,000 regardless of the number of heirs who sustained damages as a proximate cause of the accident.

While there are apparently no California cases in which this precise question involving the limits of a carrier's liability in a single *death* case has been resolved, there are analogous situations involving damage claims arising out of a single *injury*. In *Perkins* v. *Fireman's Fund Indem. Co.*, 44 Cal.App. 2d 427 [112 P.2d 670], the wife sustained injuries in an auto

---

[2]The *Hutton* case, *supra*, was referred to in *Sullivan* v. *Royal Exchange Assur.*, 181 Cal.App.2d 644 [5 Cal.Rptr. 878], although the exact question before us was not considered in *Sullivan*.

[3]The provisions of the liability policy in *Hutton* v. *Martin*, *supra*, are extremely similar to the words of limitation contained in the policy involved in the case before us and provided as follows:

"Conditions

"A. The limit of bodily injury liability stated in the declarations as applicable to 'each person' is the limit of the Company's liability for all damages, including damages for care and loss of services, arising out of bodily injury to, sickness, disease, or death of one person in any one occurrence; . . . ."

accident and was paid $10,000 under the automobile public liability policy with $10,000/$20,000 limits. Later, the husband and wife filed a separate action against the insured for special damages consisting of loss of services and medical and hospital expenses and sought recovery under the total or maximum limits of the policy.[4] The husband and wife contended that the words limiting the insurer's liability were ambiguous and that the terminology "one person" applied to the person suffering loss rather than to the person injured. In a well-reasoned opinion, the court held that such contention was untenable inasmuch as it would inevitably follow that in the event a sole surviving heir suffered loss by reason of the death of two or more persons in one accident, then said sole heir could only recover $10,000 instead of the maximum limits of the policy in the sum of $20,000. (See *Bernat* v. *Socke*, 180 Pa.Super. 512 [118 A.2d 253, 255].) The court further held that the words "one person" clearly refer to the *injured* person, and the words "one accident" to the injury of several persons in one occurrence. Consequently, the single limit in the sum of $10,000 represented all damages that could be recovered by both husband and wife as a result of the wife's injury.

Plaintiffs' reliance on the case of *Cotton States Mut. Ins. Co.* v. *Phillips*, 108 Ga.App. 56 [131 S.E.2d 803], is not persuasive inasmuch as multiple persons sustained injuries in one accident, and the opinion clearly reflected that the factual situation was distinguishable from that presented in *Williams* v. *Standard Acc. Ins. Co.*, *supra*, (5th Cir. 1951) 188 F.2d 206, wherein only one person sustained fatal injuries.

Plaintiffs also contend that each of Barbara's heirs now enjoys his or her own cause of action under California's wrongful death statute as embodied in Code of Civil Procedure, section 377 and enunciated in the landmark decision in *Cross* v. *Pacific Gas & Elec. Co.*, 60 Cal.2d 690 [36 Cal.Rptr. 321, 388 P.2d 353], and that consequently each heir is a separate "person" that has sustained "damage" as a result of Barbara's demise, and each is therefore entitled to recover under the higher limits of the policy. This contention assumes that the interpretation of a wrongful death statute should also control the interpretation of the specific language of an insurance contract. In *Hutton* v. *Martin*, *supra*, 43 Wn.2d 574 [262

---

[4]The *Perkins* policy likewise contains language similar to the policy limitations involved in the instant case, and is set forth as follows: (1) "For all claims arising out of bodily injury or death . . . the limit of the Company's liability on account of bodily injury to or the death of one person shall be the limits expressed for 'one person' . . . ."

P.2d 202], a similar argument was advanced by multiple heirs of the decedent in support of their claim that they were entitled to recover under the maximum limits of the policy, and the Supreme Court of Washington rejected the contention and held that the words "each person" refer to the person injured or killed and not to each person who sustains damages as a result of said injury or death. The court further noted that the plain limits of an insurance policy determine the extent of the insurer's liability and not the provisions of the Washington wrongful death statute. ▮ Consequently, the rule promulgated in *Cross* v. *Pacific Gas & Elec. Co., supra,* 60 Cal.2d 690, vesting a separate cause of action in each heir who sustains damage by reason of the wrongful death of a decedent does not in anywise extend the liability coverage of the insured person who causes the death, inasmuch as the extent of liability coverage under an insurance contract is defined by the provisions contained in such contract. ▮ It is our determination that the extent of the liability coverage under the policy here involved provides a total indemnity of $10,000 for all who may have sustained damages arising out of one single injury or death, and we conclude that the single policy limit applies where only one person loses his or her life, even though several persons may have sustained damages as a result of the one death.

▮ While there is substantial case authority to the effect that uncertainties and ambiguities in automobile liability policies must be construed in favor of the insured for the purpose of imposing liability on the insurer (*Exchange Cas. & Surety Co.* v. *Scott,* 56 Cal.2d 613, 619 [15 Cal.Rptr. 897, 364 P.2d 833]; *Arenson* v. *National Auto. & Cas. Ins. Co.,* 48 Cal. 2d 528, 539 [310 P.2d 961]; *Osborne* v. *Security Ins. Co.,* 155 Cal.App.2d 201, 207 [318 P.2d 94]; *Ritchie* v. *Anchor Cas. Co.,* 135 Cal.App.2d 245, 257 [286 P.2d 1000]; Civ. Code, § 1654; *Mah See* v. *North American Acc. Ins. Co.,* 190 Cal. 421, 424 [213 P. 42, 26 A.L.R. 123]; *Farmers Auto. Inter-Ins. Exchange* v. *Calkins,* 39 Cal.App.2d 390, 393 [103 P.2d 230]) and that such rule operates in favor of the beneficiary of a loss payable clause together with the named insured (*Southwestern Funding Corp.* v. *Motors Ins. Corp.,* 59 Cal.2d 91, 94 [28 Cal. Rptr. 161, 378 P.2d 361]; *Continental Cas. Co.* v. *Zurich Ins. Co.,* 57 Cal.2d 27, 32 [17 Cal.Rptr. 12, 366 P.2d 455]; *Under-writers at Lloyd's of London* v. *Hunefeld,* 230 Cal.App.2d 31, 38-39 [40 Cal.Rptr. 659]), it is likewise a fundamental rule of construction that a contract of insurance should not be given

a strained or unnatural interpretation. (*Perkins* v. *Fireman's Fund Indem. Co., supra,* 44 Cal.App.2d 427, 431; *Baine* v. *Continental Assur. Co.,* 21 Cal.2d 1, 5-6 [129 P.2d 396, 142 A.L.R. 1253].)

The words "each person" and "each occurrence" contained in the liability policy issued by the defendant-insurer herein are clear, definite, and certain. (See *Perkins* v. *Fireman's Fund Indem. Co., supra,* 44 Cal.App.2d 427.)

Judgment affirmed.

Tamura, J., concurred.