# Steiner & Bro. *v.* McCall.

### Trover for Conversion of Cotton.

1. *Mortgage to secure antecedent or subsequent debt; validity of.*—As between mortgagor and mortgagee and their privies, a mortgage to secure an antecedent debt, or a debt subsequently to be contracted, is perfectly valid; whatever may be its effect as to subsequent purchasers or incumbrancers.

2. *Charge; what properly refused.*—In trover by the mortgagee against one obtaining cotton from the mortgagor, the fact that the mortgagor told defendant before he took it, that the cotton was set apart for plaintiff, is admissible to show that the defendant knew the cotton was embraced in the mortgage and not being offered or relied on to show title in the plaintiff, the court properly refuses, as abstract, a charge that the mere fact the mortgagor made such declaration vested no title in the plaintiff.

[Steiner & Bro. v. McCall.]

APPEAL from Circuit Court of Montgomery.

Tried before Hon. JAMES Q. SMITH.

Appellee, McCall, brought trover against the appellants, Steiner & Bro., for conversion of a bale of cotton.

This cotton was raised in the year 1877, by one Dan Harbrouski, on the lands of Martin Knox.    On the 18th day of January, 1877, Dan executed his note for two hundred and fifteen dollars, to the appellee, McCall, which note contained the statements requisite to constitute a lien for advances to make a crop.    This note was incorporated in a mortgage, which to secure the debt, conveyed a mule, and other personal property, and all the crops to be raised that year by said Dan.    The mortgage was duly executed and acknowledged on the 19th day of January, 1877, and duly recorded five days thereafter.

The bill of exceptions recites " there was evidence tending to show that a mule, which constituted part of advances embraced in the mortgage, had been advanced by plaintiff to said Dan for the previous year, 1876, but that said Dan at the end of that year returned the mule to plaintiff, and plaintiff re-advanced the mule to said Dan for the year 1877, on the execution by Dan of the mortgage for 1877."

There was no evidence that any indebtedness for 1876 was carried forward to 1877, or incorporated in the mortgage given that year.    There was evidence that the advances were made at the time of the execution of the mortgage.    There was also evidence that Martin Knox, the landlord of Dan, had made advances of meat, &c., to enable him to make a crop for the year, 1877, but the amount or value of said advances was not proved.    There was evidence tending to show that Dan had turned over the bale of cotton in controversy to Knox to pay for such advances, and that said Knox had disposed of the bale of cotton to the appellants before this suit was brought.    There was evidence on the contrary, that Dan received no advances from Knox, and had overpaid the rent, and that Victor Steiner, one of the defendants, made Dan drunk, and while he was in this condition persuaded him to let him have the bale of cotton.    There was also evidence that Steiner was told at the time, that the cotton belonged to plaintiff or had been set apart for him.

The defendants separately requested five written charges, which the court refused, and to each of which refusals the defendants separately and duly excepted.

These charges were as follows:

" 1.  If the jury believe from the evidence, that the debt

to secure which the mortgage was made, existed before the mortgage was executed, the mortgage is void.

"2. If the jury believe from the evidence, that the advances of $215 were made before the execution of the mortgage without any agreement that the mortgage was to be executed to secure that amount, then the mortgage is void as to that sum.

"3. If the mortgage debt did not exist at the time of the execution of the mortgage, then the mortgage is void, and plaintiff can not recover.

"4. If the jury believe the mortgage was made to cover advances for a former year, then the plaintiff has no lien on the crops for the year 1877.

"5. The mere fact that Dan Harbrouski declared that the bale of cotton was for plaintiff vested no title in plaintiff."

The refusal to give these charges is now assigned as error.

SAYRE & GRAVES, for appellants.

L. A. SHAVER, contra.

BRICKELL, C. J.—Mortgages may be made in consideration of securing antecedent debts, debts created presently or cotemporaneously with their execution, future advances, contingent liabilities, or debts the parties contemplate will be contracted in the future. A mortgage to secure an antecedent debt, may not entitle the mortgagee to protection as a bona fide purchaser, while that protection will be afforded when the debt is presently created, and its security by the mortgage is a part of the agreement into which the parties enter. But as between mortgagor and mortgagee, and their privies, a mortgage to secure an antecedent debt, has all the operation and effect, it could have, if made for the security of a cotemporaneous debt. Difficult questions sometimes arise, as to the operation of a mortgage to secure future advances, when the rights of subsequent purchasers, or subsequent incumbrances are involved. None of these questions are now presented, and the sole proposition involved in the instructions requested, is that if the mortgage was executed to secure an antecedent debt, or a debt to be contracted subsequently, it is not valid. The proposition is not sound. If the consideration was a debt to be contracted in the future, and before it was contracted, the appellants had acquired a lien on, or purchased the cotton of the mortgagor, the good faith of the mortgagee in the subsequent transaction would be

open to inquiry. But in the absence of all imputation of bad faith, the mortgage would be a valid security.

The mere declaration of the mortgagor that he had set apart the cotton for the mortgagee, would not, of course, vest title in the mortgagee; nor do we understand that the title was claimed, otherwise, than through the mortgage. The declaration made to the appellants before they had acquired any claim to, or possession of the cotton, that it had been set apart for the appellee, was material as showing, or tending to show that it was of the property embraced in the mortgage, of which fact the appellants had notice. In no other aspect was it material, or relied on, so far as appears from the record. The charge requested in reference to this declaration, though correct as an abstract proposition, was purely abstract under the facts, and its refusal was not erroneous.

Affirmed.