(116 So. 810)

## FARMERS' UNION WAREHOUSE CO. v. BARNETT BROS. (8 Div. 531.)

Court of Appeals of Alabama. April 10, 1928.

Rehearing Denied May 8, 1928. Further Rehearing Denied June 26, 1928.

Thos. E. Orr, of Albertville, for appellees.

SAMFORD, J. Every question of merit involved in this appeal was determined on former appeal in this case, except those which are hereinafter discussed. For facts and decisions see Farmers' Union Warehouse Co. v. Barnett et al., 214 Ala. 202, 107 So. 46.

The facts necessary to a decision of the questions at issue are as hereinafter stated. One Taylor (now deceased), on February 2, 1920, bought a mule from Barnett Bros., agreeing to pay therefor $108 and a pony. Taylor executed a mortgage on that day to Barnett Bros. for $108 and *any other sum he might owe payee before the law day* of the mortgage. The property covered by the mortgage included the mule and the crop of mortgagor for the year 1920. This mortgage was duly filed for record on February 5, 1920. Subsequent to this, and on March 8, 1920, Barnett Bros. traded mules with Taylor, sold him a mule of greater value, and receiving in part payment the mule which had theretofore been sold to Taylor, and which was included in the mortgage of February 2, 1920. The crop was raised and gathered, and Barnett Bros. came into possession of a part of the mortgaged property, including three bales of cotton which they stored in defendant's warehouse, taking therefor "uniform cotton warehouse receipts" authorized by section 10491 of the Code of 1923. Thereafter Roberts Luther Company, a corporation, brought suit in detinue against this defendant claiming this same cotton. The defendant, without giving any notice to plaintiff of the pendency of the Roberts Luther Company suit, suffered a judgment by default to be entered, and, on the mandate of the court in said suit, delivered the cotton to the sheriff to satisfy said default judgment. The basis of the suit by Roberts Luther Company was a chattel mortgage given by Taylor on the crops for 1920, which included the cotton here in question. This mortgage was dated February 5, 1920, the same day that plaintiff's first mortgage was filed for record.

Under the facts as above stated, the burden rested upon the defendant, as bailee of the cotton, to show a title superior to plaintiff resting in Roberts Luther Company, the party to whom defendant made delivery. In other words, the primary duty of defendant as bailee was to keep safe and deliver the cotton on demand to the plaintiff, who was its bailor, and, when plaintiff had proved the bailment and a demand for delivery under the receipts and a failure or refusal to deliver by defendant, the burden was cast upon defendant of showing a superior title in the party to whom it did deliver. So much is decided in

526

this case on former appeal. Farmers' Union Warehouse Co. v. Barnett et al., supra. There remain, then, but two questions of merit affecting this appeal:

■ (1) The court by its various rulings, and finally by giving at the request of plaintiff the general affirmative charge, in effect held that plaintiff's mortgage of February 2d was unpaid. This mortgage was given to secure $108, an amount presently due and *any other amount mortgagor might owe the plaintiff before the note was paid.* There was an additional amount advanced and due, in that there was an exchange of mules. When this exchange took place, the increased amount immediately became secured by the mortgage of February 2, 1920, and the mortgage of March 1S, 1920, being given to better secure the mortgage of February 2d, added nothing to the security already given save the mule described therein. Assuming, therefore, that. when the trade of mules took place, there was a credit of $100 on the mortgage of February 2d by the trade, the debt secured by this mortgage had increased in amount to $271.55. Steiner v. McCall, 61 Ala. 406; Winston v. Farrow (Ala. Sup.) 40 So. 53.

■■ (2) The court also found as a conclusion of law that the defendant had failed to meet the burden of proof as to the priority of the Roberts Luther Company mortgage, dated February 5th. Having assumed to deliver the cotton to Roberts Luther Company, as the party holding the superior title, the burden was on defendant, as against its bailor, to establish such superiority of title in Roberts Luther Company. To do this the judgment by default in favor of Roberts Luther Company was of no force. The defendant was left then to the crop mortgage from Taylor to Roberts Luther Company, dated February 5, 1920. Plaintiff's mortgage was filed for record February 5, 1920; at what hour does not appear. The law recognizes no fraction of a day. The mortgages appear to be equal as to time fixing a lien. The burden of proof must therefore determine the rights of the parties. The rule as to this is clearly stated in Hodges v. Winston, 94 Ala. 576–578, 10 So. 535, 536:

"The rule as to proof of bona fide purchase is, that the party pleading it must first make satisfactory proof of purchase and payment. This is affirmative, defensive matter in the nature of confession and avoidance, and the burden of proving it rests on him who asserts it. Ei incumbit probatio qui dicit. This done, he need not go further, and prove he made such purchase and payment without notice. The burden here shifts, and if it be desired to avoid the effect of such purchase and payment, it must be met by counter proof that, before the payment, the purchaser had actual or constructive notice of the equity or lien asserted, or of some fact or circumstance sufficient to put him on inquiry, which, if followed up, would discover the equity or incumbrance." Craft v. Russell, 67 Ala. 9; Taylor v. A. & M. Ass'n, 68 Ala. 229; Creswell v. Jones, 68 Ala. 420; Bar-

ton v. Barton, 75 Ala. 400; Ely v. Pace, 139 Ala. 293, 35 So. 877; Alexander et al. v. Livingston, 206 Ala. 186, 89 So. 520; Taylor et al. v. Burgett, 207 Ala. 54, 91 So. 786.

■ The bona fides of the Roberts Luther Company mortgage were either proven or admitted. The burden then shifted to plaintiff to prove notice either actual or constructive. In this it failed. The court erred in giving the general affirmative charge for plaintiff. The defendant was entitled to an instructed verdict. The judgment is reversed, and the cause is remanded.

Reversed and remanded.