[Civ. No. 7984. First Appellate District, Division Two.—September 23, 1931.]

CARL F. LAWRENCE, Plaintiff, v. WILLIAM C. OAKES et al., Appellants; E. G. POTTER, Receiver, etc., Cross-Complainant and Respondent.

LeRoy M. Edwards, O. C. Sattinger and Abe Richman for Appellants.

Knight, Boland & Christin and Charles A. Christin for Respondent.

SPENCE, J.—The Stewart Fruit Company, one of the defendants in the above-entitled action, through E. G. Porter, receiver for said company, filed its cross-complaint against William C. Oakes and Mary Rose Oakes as cross-defendants seeking to foreclose a mortgage covering crops grown upon the premises of said cross-defendants. From a judgment in favor of cross-complainant decreeing foreclosure of said mortgage, cross-defendants appeal.

We will refer to said cross-defendants as the mortgagors and to the Stewart Fruit Company as the mortgagee. On November 21, 1922, the mortgagors who were indebted to the mortgagee in the sum of $8,864.97 executed a promissory note to cover said indebtedness secured by the mortgage in question. The mortgage covered "all crops of citrus fruits now growing and to be grown during the seasons of 1922–1923–1924 and 1925 upon the trees and vines standing, growing and to be grown during said seasons" upon the lands therein described. It further provided that "in the event said promissory note shall not be fully paid at maturity, it shall in like manner be secured by, and this mortgage shall likewise fully cover, all crops of the

same character, growing or to be grown upon said premises, until said promissory note shall be fully paid, both principal and interest". It further provided that it was also given "to secure all other indebtedness and obligations that may now or hereafter be due, owing or existing from said mortgagors . . . to said mortgagee . . . during the continuance of this mortgage, not to exceed in all the sum of five thousand dollars, exclusive of the sum mentioned in said promissory note with interest . . . " Thereafter advances were made regularly by the mortgagee to the mortgagors until about February, 1926, when the company went into the hands of the receiver. These advances were charged to the mortgagors upon the books of the mortgagee and credit entries were made for the crops delivered to the mortgagee by the mortgagors under the terms of the mortgage. In the cross-complaint it was claimed that the sum of $19,431.38 remained unpaid to the mortgagee upon the promissory note and advances after crediting the mortgagors with the sum of $13,080.37 for crops delivered to the mortgagee. By way of defense the mortgagors claimed that at the time of the execution of the promissory note the amount due to the mortgagee was $3,864.97 and not $8,864.97. They further claimed that it had been mutually agreed between them and mortgagee that they should have a further credit of $7,000 upon the 1925 crop. Upon both of these issues raised by way of defense the evidence was conflicting. The trial court found that the sum of $13,864.97 was due, owing and unpaid on account of said promissory note and said advances. By the terms of the mortgage the lien was limited to this amount and as indicated by the trial court, a finding of the amount of indebtedness in excess of said sum would have been immaterial in the foreclosure proceedings.

On this appeal the mortgagors as appellants contend that there were two debts, the one being the mortgage debt and the other being an unsecured debt. They thereupon argue that the proceeds of the sale of the mortgaged crops, to wit, the sum of $13,080.37, must be applied to the payment of the mortgage debt and that the respondent was only entitled to foreclose for the balance of $784.60 and not for the full sum of $13,864.97 as decreed by the court. We find no merit in this contention. The mortgage was given

to secure the note and "all other indebtedness and obligations that may now or hereafter be due" subject to the limitation that the lien of the mortgage should not exceed the principal sum of $13,864.97. It is immaterial whether the balance due on the book account kept by the mortgagee be considered as but one debt or as several debts. All debts and obligations were secured by the mortgage subject only to the limitations above mentioned. We are, therefore, of the opinion that the trial court, upon finding that the total sum secured was due and unpaid, correctly decreed foreclosure in that amount. The cases cited by appellant are not in point and the facts here are more closely analogous to those in *Frank H. Buck Co.* v. *Buck,* 162 Cal. 300 [122 Pac. 466], *Myers* v. *Shain Lumber Co.,* 178 Ark. 174 [10 S. W. (2d) 20], *Farmers Union Warehouse Co.* v. *Barnett Bros.,* 22 Ala. App. 524 [116 South. 810], and *Geo. M. Paschal & Bro.* v. *Bohannan,* 59 Okl. 139 [158 Pac. 365]. It is true, as pointed out by appellant, that in each of the foregoing cases the mortgage placed no limitation on the total amount of other indebtedness secured thereby, but we believe that the only effect of the limitation in the present case was to place a limit upon the amount of the balance for which foreclosure might be had.

Nor do we find any merit in appellant's contention that the mortgagors were entitled to a further credit of $7,000 by reason of an alleged agreement with the mortgagee. It is sufficient to state that there was a sharp conflict in the evidence relating to whether or not such an agreement was made. The findings of the trial court are therefore conclusive.

One further point is urged by appellants. The cross-complaint against appellants was filed in August, 1926, and by the prayer asked "that the mortgage in favor of the Stewart Fruit Company be foreclosed and their property therein described be sold . . . " The judgment dated April 10, 1928, covered the crops grown up to that time. Appellants contend that the trial court erred in decreeing foreclosure of the crops grown after the filing of the cross-complaint in the absence of a supplemental complaint. In our opinion this contention is likewise without merit. By its terms the mortgage was a lien upon all crops "growing or to be grown" until the debt was paid. A court of equity

in a foreclosure proceeding may properly shape its decree to afford complete relief as between the parties (11 C. J. 729, sec. 553), and under the provisions of the mortgage and prayer of the cross-complaint the trial court correctly ordered the sale of all crops grown up to the date of the entry of judgment. No supplemental complaint was required.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.