[L. A. No. 17033. In Bank.—April 28, 1941.]

FREMONT A. CUMMINS et al., Respondents, v. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association), Appellant.

Louis Ferrari, Edmund Nelson and Hugo A. Steinmeyer for Appellant.

George D. Blair and Willcox & Judson for Respondents.

GIBSON, C. J.—The cross-complainant bank appeals from a judgment in its favor urging that the amount awarded to it and for which foreclosure of a deed of trust is decreed, is inadequate. The cause turns on the interpretation of written instructions as to the disbursement of a construction loan.

In 1936, respondents entered into a contract with one Sweet whereby he agreed to construct a dwelling for them at a cost of $7,200. Arrangements were made with appellant bank for a construction loan, to be insured under the National Housing Act (12 U. S. C. A., sec. 1701). The respondents thereupon deposited with the bank the building contract, $720 in cash ($320 of which was to cover financing costs), and their note for $6,800 secured by deed of trust on the property. At the same time they advised the bank in writing that they were satisfied as to the financial responsibility of the contractor and requested that no completion and lien bond be required of him. They also gave written disbursement instructions, approved by the contractor, which, so far as here material, provide:

" . . . You are authorized and instructed to pay to my contractor . . . the sum of $7200.00, payable in five equal payments at such times and subject to the conditions hereinafter set forth . . . (specifying five progress points in construction at which payments were to be made). My contractor will notify your office when the foundation trench is dug . . . in order that you may obtain Federal Housing Administration's inspection approval. In addition, said contractor will advise you when work has progressed sufficiently for each of the above mentioned first four payments, in order that your appraisers may make inspection thereof before making the payments affected thereby. *The undersigned applicants will furnish your office with written authorization instructing you to make each respective payment prior to disbursement.*"

This appeal, as indicated, turns on the interpretation to be given to the italicized portion of the instructions. The bank made three progress payments, aggregating $4,320, to the contractor at appropriate stages of the work, but admittedly without the prior written authorization provided by the instructions. Shortly thereafter the contractor gave notice that he was insolvent. No further payments were made to him, and no attempt was made to complete the building. Neither were any payments made to the bank by respondents on their note. Mechanics' and materialmen's liens were filed on the property.

Respondents brought this action against the bank for damages alleged to have resulted from its breach of contract in making the progress payments without first procuring their written authorization. The bank answered and cross-complained for a foreclosure of the deed of trust. The trial court found against respondents on their complaint, and gave judgment for the bank on its cross-complaint, restricting recovery, however, to the portion of the progress payments which was actually expended by the defaulting contractor in the construction of the building, and sums expended for preservation of the premises. This was done on the theory that while the bank had made the payments in violation of the instructions requiring prior written authorization of the respondents, equitably it was entitled to credit for such amounts as actually went into the construction of the building. These expenditures served to increase the value of the property and the value of the bank's security. Accordingly,

judgment of foreclosure was decreed in the bank's favor for $2,102.14. The bank appealed because of the asserted inadequacy of the amount of the judgment.

██ The evidence is sufficient to support the findings. The disbursement instructions, whether construed alone or in the light of surrounding circumstances, required the prior written authorization of respondents as a prerequisite to progress payments. To construe the italicized provision in conformity with the bank's contention would be either to disregard the provision, or to read into it a qualification that such authorization would be furnished by respondents if requested by the bank. Courts must construe agreements in their entirety and as written by the parties, without deletion or interpolation. (See authorities in 6 Cal. Jur., p. 258, sec. 165; p. 326, sec. 192.) The trial court was warranted in concluding that nothing in the instructions or surrounding circumstances required the interpretation urged by the bank. The authorization requirement was not arbitrary, unusual, or inconsistent with the terms of the transaction as a whole, particularly in view of the fact that respondents had waived the giving of a completion and lien bond by the contractor. By reserving the right to authorize disbursements to him, respondents made it possible, if they so desired, to assure themselves prior to any disbursement that all claims for labor and materials had been paid and liens released. ██ Neither can it be said that respondents' conduct afforded conclusive evidence of ratification of the progress payments. As stated in *Promis* v. *Duke*, 208 Cal. 420, 427 [281 Pac. 613], "a ratification, to be binding, must have been made with full knowledge of all the material facts."

██ While concluding that failure to procure respondents' prior written authorization precluded the bank from foreclosing either for the full amount allegedly due under the deed of trust or for the aggregate of the progress payments actually made, the court below properly allowed recovery to the extent that sums paid by the bank to the contractor were expended in the construction work. An action for foreclosure of a deed of trust is equitable in character and the court properly exercised its broad powers to grant appropriate relief. The evidence and findings indicate, however, that the court fell into error in computing the amount for which foreclosure should be decreed. We are unable to

ascertain from the record the method by which it was determined that judgment should be in the amount of $2,102.14. In our opinion, that figure is less than the bank is entitled to recover. The evidence and findings disclose that of the $4,320 advanced to the contractor by the bank (without respondents' prior written authorization), the contractor actually expended in the construction work the sum of $2,739.23. The bank is entitled to this latter amount less $408.82 (which under the findings must be allocated to respondents' cash deposit), plus $24.50 and $326.25 (which under the findings were expended by the bank for a mechanics' lien report and for the care and preservation of the premises), making a balance of $2,681.16 due to the bank, rather than $2,102.14 as determined by the trial court. The bank states that if the trial court's interpretation of the disbursement instructions was correct, and we have determined that it was, then $2,681.16, as above computed, is the amount for which properly it should have judgment. Respondents make no convincing explanation of the figure $2,102.14, nor do they present any other computation.

In view of what has been said, the judgment is reversed with directions to the court below to amend paragraphs "III" and "VII" of its conclusions of law and to modify its decree so as to render judgment in favor of the bank for $2,681.16, for which amount the foreclosure should be ordered; each side to bear its own costs on this appeal.

Shenk, J., Curtis, J., Carter, J., Traynor, J., and Edmonds, J., concurred.