[Civ. No. 15273. First Dist., Div. One. Dec. 16, 1952.]

IRVING BARTEL, Respondent, v. ASSOCIATED DENTAL SUPPLY COMPANY (a Corporation), Appellant.

Alfred S. Humphreys and Herbert Chamberlin for Appellant.

Marvin Handler and Dana, Bledsoe & Smith for Respondent.

BRAY, J.—Defendant appeals from a judgment against it in the sum of $17,650 for rent and attorney's fees under a written lease.

## CONTENTIONS OF THE PARTIES

No attack is made on the sufficiency of the evidence to support the findings and judgment, *if* parol evidence was admissible. Plaintiff contended and the trial court found that paragraph 33 of the lease was ambiguous and uncertain, and therefore parol evidence was admissible to show that the parties intended by it that the right of defendant lessee to *either* cancel *or* obtain a reduction of rent was conditional as limited in the second part of that paragraph. Defendant contended that the paragraph was neither ambiguous nor uncertain and that it provided that defendant had a right to cancel, with or without cause, *or* a right to reduced rent if the second part conditions should exist.

The questioned paragraph follows:

"From and after January 1st, 1949, the Lessee is granted *the right to cancel this lease upon six months' written notice*

*or at its option shall become entitled to a reduction of rent*
to be agreed upon mutually between the parties hereto *in
the event that* the business of Lessee has declined to a de-
gree that it would be impossible to pay the rent herein pro-
vided, due to any or all of the following causes or reasons;
viz.:

"Competition of the Federal, State, or other Governmental
authorities in the field of dentistry by health insurance or
any other media directly affecting the practice of dentistry
or in the event of a material decline in general business con-
ditions or a major national financial or business depression
or recession." (Italics added.)

■ Generally, the rule is that "If the language of the
instrument is clear and explicit the intention of the parties
must be ascertained from the writing alone," and "Parol
evidence is admissible only where the language used is doubt-
ful, uncertain or ambiguous and only then in cases where
the doubt appears upon the face of the contract." (*Eastern-
Columbia, Inc.,* v. *System Auto Parks, Inc.,* 100 Cal.App.2d
541, 545 [224 P.2d 37].) ■ Unless a court can "to a
certainty and with sureness, by a mere reading of the docu-
ment, determine which is the correct interpretation . . . ex-
trinsic evidence becomes admissible as an aid to interpreta-
tion. . . ." (*MacIntyre* v. *Angel,* 109 Cal.App.2d 425, 429
[240 P.2d 1047].) ■ With this latter rule in mind, let
us examine the clause in question. Possibly a cursory read-
ing of it might support defendant's contention that because
of the "or," the lessee was given an absolute right to cancel
while the right to reduced rent was conditional. But a
more thoughtful study of it, in view of the other provisions
of the lease, particularly the provision for a five-year term
(the lease must be construed in its entirety, *Cummins* v. *Bank
of America,* 17 Cal.2d 846, 849 [112 P.2d 593]), prevents
one from determining "to a certainty and with sureness"
what is meant. On the very face of it, it does not appear
reasonable that parties would contract that after January
1, 1949 (three years after the beginning of the lease) the
lessee, with or without reason, could cancel, but his right
to an undetermined reduction in rental should be condi-
tional.

The difference of the meaning sought to be given by the
parties to the paragraph amounts, in effect, to the question
of whether or not there should have been a comma between
the words "notice" and "or." That very fact shows the

uncertainty of the paragraph's provisions. A matter as important as a lease of business property at $650 per month should not be determined by a court from the writing alone as to whether a comma was intended or not. Such a determination could be only a guess. It might be pointed out here, that defendant itself, in its notice of cancellation and in its original answer in this case, interpreted its right of cancellation as being dependent upon the conditions set forth in the second portion of the paragraph. In applying the parol evidence rule the courts are showing less rigidity than formerly. ■ As well said by Mr. Justice Dooling in *Body-Steffner Co.* v. *Flotill Products, Inc.*, 63 Cal.App.2d 555, 561-562 [147 P.2d 84], ". . . where extrinsic evidence is offered to explain inconsistent provisions in a contract courts should not strain to find a clear meaning in an ambiguous document, and having done so exclude the extrinsic evidence on the ground that as so construed no ambiguity exists. . . ." Mr. Presiding Justice Peters said in *Wells* v. *Wells,* 74 Cal. App.2d 449 [169 P.2d 23]: "Much can be said in support of the rule that parol evidence is not only admissible to explain an ambiguity appearing on the face of the document but is also admissible to show that what appears to be a perfectly clear agreement, in fact meant something entirely different to the parties." (See, also, *Jegen* v. *Berger,* 77 Cal.App.2d 1, 7 [174 P.2d 489].)

■ In *Barham* v. *Barham,* 33 Cal.2d 416 [202 P.2d 289], Mr. Justice Spence succinctly sums up the rules concerning the interpretation of agreements (pp. 422-423): "When the language used is fairly susceptible to one of two constructions, extrinsic evidence may be considered, not to vary or modify the terms of the agreement but to aid the court in ascertaining the true intent of the parties [citation], not to show that 'the parties meant something other *than* what they said' but to show 'what they meant *by* what they said' [citation]. ■ Where any doubt exists as to the purport of the parties' dealings as expressed in the wording of their contract, the court may look to the circumstances surrounding its execution—including the object, nature and subject matter of the agreement [citation]—as well as to subsequent acts or declarations of the parties 'shedding light upon the question of their mutual intention at the time of contracting' [citation]. To this latter point, it is said that 'a construction given the contract by the acts

754

and conduct of the parties with knowledge of its terms, before any controversy has arisen as to its meaning, is entitled to great weight and will, when reasonable, be adopted and enforced by the court.' [Citations.]''

In our case, ''In line with these rules designed to aid the court in the performance of its duty to make 'the language used by the parties serve rather than subvert their mutual intention [citation]'' the trial court admitted evidence to show what the parties meant *by* what they said. (*Barham* v. *Barham, supra*, at p. 423.)

In our case the language of the lease is fairly susceptible of either of the constructions contended for and hence extrinsic evidence was properly resorted to in order to determine the intention of the parties.

The judgment is affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 10, 1953.